McCAFFERY, Appellant, vs. AUTOMOBILE LIABILITY COM-
PANY, LIMITED MUTUAL, and another, Respondents.

*January 11—February 7, 1922.*

*Automobiles: Common carriers: Jitneys: Degree of care required
toward passengers: Negligence: Right to assume others will
observe law of road.*

1. The operator of a jitney bus having complied with secs. 1797—
   62 to 1797—68, Stats., was a common carrier and was re-
   quired to exercise toward passengers the highest degree of
   care reasonably to be expected from human vigilance and
   foresight in view of the character of the conveyance and con-
   sistent with the practical operation of the business, but he
   was not charged with the necessity of either possessing super-
   human powers of anticipation or of exercising such powers
   in a threatened emergency.
2. The driver of an automobile had a right to assume that the
   driver of another car along an intersecting street over which
   he had a right of way would comply with the rules of the
   road as provided by the statutes and yield to him the right
   of way.
3. Where a jitney bus driver proceeded to cross a street inter-
   section in front of an automobile approaching from the left
   and over which he had the right of way, and, on discovering
   that such automobile had turned and was dangerously ap-
   proaching, turned in the same direction as such automobile
   and could have avoided a collision if the automobile had not
   swerved and struck the rear wheel of the jitney, its driver
   did not fail to exercise the high degree of care which he
   owed his passenger and was free from negligence as a mat-
   ter of law.

APPEAL from a judgment of the circuit court for Mil-
waukee county: W. B. QUINLAN, Judge. *Affirmed.*

Action for personal injury.

The defendant *Schissler,* at the time of the happening of
the injury, was the owner and operator of a Ford jitney
in the city of Milwaukee, having complied with the pro-
visions of secs. 1797—62 to 1797—68 of the Statutes, and
the *Automobile Liability Company, Limited Mutual,* was
the carrier insurer.

Lloyd and Twelfth streets are two public streets in the city of Milwaukee and intersect each other at right angles, Lloyd street running east and west and Twelfth street running north and south. There are two street-car tracks on Twelfth street. While the defendant *Schissler* was operating his car, in which the plaintiff was a passenger, north on the east side of Twelfth street so that the wheels of his car were straddling the east rail of the east car track, and when he arrived at or about the south crosswalk of Lloyd street, an automobile approached from the west the west crosswalk of Twelfth street, and simultaneously a truck being driven south on the west side of Twelfth street arrived at or about the north crosswalk of Lloyd street. *Schissler's* car at the time was going somewhat in excess of fifteen miles per hour, and after having passed the crosswalk with his rear wheels *Schissler* looked towards the east to observe the traffic from that direction, and seeing no vehicle approaching immediately looked towards the west and there observed the automobile coming from that direction. In order to avoid any possible collision he swerved his car first towards the east and then continued a short distance towards the north, and thereafter, realizing that the car coming from the west was dangerously approaching, he put on additional speed and drove his car towards the northeast corner of the intersection of the two streets named, and after having passed in part the intersection, the automobile coming from the west, after having barely escaped a collision with the truck, swerved towards the northeast and collided with the rear wheels of *Schissler's* car at the northeast corner of the intersection, causing *Schissler's* car to be upset, as the result of which collision the plaintiff sustained the injuries complained of.

The action was originally tried in the civil court of Milwaukee county before a jury, and a special verdict was rendered in which it was found (1) that *Schissler* failed to exercise ordinary care in the management and operation

of his car at and just previous to the collision; (2) that such failure was the proximate cause of plaintiff's injury. Thereupon the usual motions were made by the defendants, which motions were denied, and judgment was thereupon entered in favor of the plaintiff for the amount of the damages assessed, and costs, from which judgment the defendants appealed to the circuit court for Milwaukee county. The circuit court reversed the judgment of the civil court and ordered judgment in favor of the defendants dismissing the complaint, from which judgment this appeal was taken to this court.

For the appellant there was a brief by *Cannon, Waldron & Schweichler* of Milwaukee, attorneys, and *M. L. Lueck* of Beaver Dam, of counsel, and oral argument by *Mr. Lueck*.

*J. Elmer Lehr* of Milwaukee, for the respondents.

DOERFLER, J.    *Schissler* being a common carrier, and the plaintiff being a passenger in his car, the law applicable in cases of that kind with respect to common carriers, as laid down by this court, governs the degree of care which he was required to exercise.    It has been held that "The duty imposed on common carriers to provide for the safety of passengers is to exercise the highest degree of care reasonably to be expected from human vigilance and foresight in view of the character of the conveyance adopted and consistent with the practical operation of the business." *Dibbert v. Metropolitan Inv. Co.* 158 Wis. 69, 73, 147 N. W. 3; *Oberndorfer v. Pabst,* 100 Wis. 505, 513, 76 N. W. 338; *Ferguson v. Truax,* 132 Wis. 478, 490, 110 N. W. 395, 111 N. W. 657, 112 N. W. 513; *Wanzer v. Chippewa Valley E. R. Co.* 108 Wis. 319, 84 N. W. 423.

In law, under the situation presented in this case, *Schissler's* car had the right of way over the automobile coming from the west, and the latter had the right of way over the truck coming from the north. As *Schissler's* car approached and proceeded to cross the south crossing of

Lloyd street, he had the right to assume that the automobile coming from the west would comply with the rules of the road as provided for by the statute and yield to him the right of way. *Zimmermann v. Mednikoff*, 165 Wis. 333, 162 N. W. 349; *Glatz v. Kroeger Bros. Co.* 168 Wis. 635, 170 N. W. 934.

In violation of the rules of the road with respect to the rights of the defendant *Schissler,* the automobile coming from the west at an excessive rate of speed proceeded to pass in front of the truck coming from the north, and the defendant *Schissler,* realizing the emergency, took what he considered the proper course to avoid a collision by first swerving his machine towards the east, then proceeding towards the north, and then towards the northeast, and he had arrived with his machine at about the northeast corner of the intersection of the two streets named when the automobile coming from the west struck the rear left wheel of his car, causing the same to be upset, and resulting in the injuries aforesaid.

It is true, as is claimed by plaintiff's counsel, that it was held by this court in *Glatz v. Kroeger Bros. Co.* 168 Wis. 635, 170 N. W. 934, Mr. Chief Justice WINSLOW rendering the opinion, that

"The possession of this right [of way] does not of course justify the possessor in plunging ahead regardless of consequences nor in' failure to exercise ordinary care to avoid injury to others, but the fact is an important one to be considered in deciding the question of negligence."

In determining in this case whether or not the defendant *Schissler* was free from negligence as a matter of law, we must place ourselves as nearly as possible in the situation he was in, under the circumstances as detailed in the evidence. Having the right of way, and being justified in assuming that such right would be yielded to him, he proceeded on his northerly course after crossing the south crosswalk of Lloyd street, then, as an extra precaution, he first

swerved his machine towards the east, intending thereby to avoid any possibility of a collision, and thereupon, realizing that the automobile coming from the west was suddenly turned toward the northeast corner of the intersection, directly towards *Schissler's* car, he turned his machine in a northeasterly direction, so that it was headed for the northeast corner of the intersection, all of which was done not only in an effort to protect the plaintiff as a passenger, but to avoid injury to himself and his car. Surely, after *Schissler* had passed the south crossing of Lloyd street, he had no reason to expect that the automobile coming from the west would suddenly turn into and collide with his machine after he had arrived at said northeast corner.

While the operator of a jitney, under the law pertaining to common carriers, is obligated to exercise the high degree of care above referred to, he is not charged with the necessity of either possessing superhuman powers of anticipation or of exercising such powers in a threatened emergency. The degree of care required by the doctrine laid down in the case of *Dibbert v. Metropolitan Inv. Co.* 158 Wis. 69, 73, 147 N. W. 3, must be such as is consistent with the practical operation of the jitney business.

The contention is also made that the defendant, in crossing the intersection, was driving at an illegal and excessive rate of speed. It is our view that the speed in this instance had a tendency rather to avert the injury than to cause it.

We are convinced that the claim made by plaintiff's counsel herein, that *Schissler* should have either stopped his car before crossing the intersection or have turned his car to the east onto Lloyd street, under the evidence in this case, would be charging him with the exercise of such degree of care as would be inconsistent with the practical operation of his business, and we therefore hold that the defendant *Schissler* was free from negligence which proximately contributed to the injury, as a matter of law.

*By the Court.*—Judgment affirmed.