HAGGERTY, Appellant, vs. RAIN, Respondent.

*February 8—June 6, 1922.*

*Automobiles: Negligence: Accidents at highway intersections: Failure to look to right and left: Cutting corners: Proximate cause: Automobiles. driven by. children under sixteen years of age: Trial: Instructions.*

1. The driver of an automobile, who on approaching an intersecting highway where his view was obstructed by buildings and lumber piles looked neither to the right nor to the left but straight ahead, was, under the circumstances of the case, negligent as a matter of law.

2. In an action growing out of a collision of two automobiles, an instruction that the driver of plaintiff's car, though under sixteen years of age, had a legal right to operate it, as he was accompanied by an adult at the time of the collision, should have been given; but its refusal was not ground for reversal where it appeared that such driver was guilty of negligence as a matter of law.

3. The position of one of the cars immediately after the accident and marks made in the pavement are *held* to show that defendant did not pass to the right of the intersection of two highways in turning to the left, as required by sec. 1636—49*b*, Stats., and that such failure was a proximate cause of the collision.

APPEAL from a judgment of the circuit court for Iowa county: L. H. BANCROFT, Circuit Judge. *Reversed.*

The appeal is from a judgment in favor of the defendant for damages and costs.

Highway No. 28 runs north and south in the city of Dodgeville, and in the center thereof is a cement strip eighteen feet in width, and on each side of such strip there is a dirt road approximately sixteen feet wide. Coming from the west and running up to and joining highway 28 is highway 19, and east of the junction of highways 28 and 19, and a little to the north thereof, there is a farm road. For some considerable distance north of said junction, highway 28 has a gradual decline towards the south. Stretching from north to south across a part of said farm road, on what would be the east line of highway 28 extended, is a culvert.

At the northwest corner of highways 28 and 19 there is located an office, lumber sheds, and lumber piles, so that travelers on highway 19 approaching highway 28 are largely obscured to travelers on highway 28 going south, and *vice versa.*

On the day of the collision plaintiff's four-cylinder Dodge car was driven south on the west side of highway 28, close to the center of the cement road, by plaintiff's son, a youth fifteen years of age, and, according to his own testimony, as the car approached the intersection of highways 28 and 19 he looked straight ahead and made no effort whatsoever to ascertain the approach of a vehicle from the west. A short distance south of the north line of highway 19 extended across highway 28, and near the center of highway 28, defendant's car collided with the plaintiff's car, which collision resulted in damage to both cars.

Defendant testified that he was approaching highway 28 from the west, driving on the south side of highway 19; that he was traveling at the rate of about nine to ten miles an hour; that as he approached the intersection he observed plaintiff's car approaching from the north, and that in order to avoid a collision he drove around the center of the intersection along the south side of highway 19 and then turned his car in the direction of the culvert; and that he had practically made the turn towards the north on highway 28 when the collision took place.

Plaintiff's driver testified that immediately upon discovering defendant's car he applied the brakes, so that his car skidded for about a foot; that thereafter the front left wheel of the car was struck by defendant's car, so as to break it and cause the axle to drop down upon the cement pavement, making an indentation in the concrete. It was satisfactorily and definitely established, immediately after the accident, that plaintiff's car, in the condition described, was found to the right of the center of the cement road and a short distance south of the intersection of the north line of highway 19.

The case was submitted to the jury on special verdict, in which the jury found (1) that the driver of plaintiff's car did not exercise ordinary care at or immediately preceding the accident; (2) that such want of ordinary care on plaintiff's part, was the proximate cause of the accident; (3) that the defendant exercised ordinary care at and immediately preceding the happening of the accident.

*M. J. Briggs* of Dodgeville, for the appellant.

For the respondent there was a brief by *McGeever & McGeever* of Dodgeville, and oral argument by *W. C. McGeever*.

The following opinion was filed March 14, 1922:

DOERFLER, J.    The driver of plaintiff's car, while operating the same south on highway 28 and at the time he approached highway 19, according to his own testimony, looked neither to the right nor the left, but continued to look straight ahead in the direction in which his car was running.    Had he maintained a proper lookout as he approached the intersection, it is but fair to assume that he could have detected the approach of defendant's car in time to avoid the collision, and his admitted failure to maintain such lookout constitutes negligence as a matter of law, under the circumstances of this case.

Counsel for the plaintiff requested the court to instruct the jury that the driver of plaintiff's car, although under sixteen years of age, had a legal right to operate the same, he being accompanied by an adult person at the time of the collision.    This instruction the court refused to give, and such refusal would have been error if it did not appear from the record that the plaintiff was guilty of negligence as a matter of law.    The jury found that the plaintiff was guilty of negligence which proximately contributed to the collision, which practically disposes of plaintiff's cause of action, and requires no further comment by the court.

Defendant testified that as he was turning in onto highway 28 from highway 19, and while going at the rate of

between nine and ten miles an hour, he discovered plaintiff's car and realized that there was danger of a collision; that he then proceeded to pass south of the center of the intersection of the two highways and swerved his car up towards the south end of the culvert extending across the center of the farm road, and that after he had made the turn the collision took place.

We have carefully examined the evidence, and we are satisfied that it conclusively appears therefrom that the collision took place to the right of the center of the concrete road and a short distance south of the north line of highway 19 extended across highway 28. The position of the Dodge car immediately after the accident, as testified to by numerous witnesses, the indentation made by the axle on the cement, and the mark left by the skidding when the driver violently applied the brakes, create a physical situation which is decisive not only as to the place of collision, but as to the physical impossibility of the accident having happened at the place designated by the defendant and his witnesses. Under these circumstances we must hold that the defendant failed to comply with sec. 1636—49b of the Statutes in not passing to the right of the intersection of the two highways in turning to the left, and that such failure on defendant's part was a proximate cause of the collision.

A number of instructions were requested by the plaintiff applicable to defendant's alleged negligence, which under the circumstances it is unnecessary for us to consider in view of our holding as above stated.

The judgment of the lower court is therefore reversed, with instructions to dismiss defendant's counterclaim and plaintiff's complaint, with costs.

*By the Court.*—It is so ordered.

A motion for a rehearing was denied, without costs, on June 6, 1922.