[No. 18756. Department One. November 18, 1924.]

FRANCES WOODRUFF, *Respondent,* v. MARK EWALD, *Appellant.*[1]

MUNICIPAL CORPORATIONS (389)—USE OF STREETS—COLLISION AT CROSSING—NEGLIGENCE—EVIDENCE—SUFFICIENCY. In an action for injuries sustained in an automobile collision, the defendant's admissions at the time that he was at fault may, under the circumstances, alone be sufficient to make a question for the jury on the subject of his negligence.

SAME (383)—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. In approaching a street intersection in the congested district of small busy city, it is not contributory negligence, as a matter of law, for the driver of an automobile, under control, not to look beyond the intersection for traffic approaching from the left, while mostly occupied in observing traffic from the right, which had the right of way.

DAMAGES (80)—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $2,250 for personal injuries, sustained in an automobile collision by a woman fifty-five years of age, is not excessive, where she had been earning $100 per month, and an injury to her leg left her in a serious and deplorable condition.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered April 8, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Frank C. Owings* and *Thos. L. O'Leary,* for appellant.

*Vance & Christensen,* for respondent.

TOLMAN, J.—This is an action to recover for personal injuries alleged to have been sustained in an automobile collision. The case was tried to a jury, and the defendant appeals from an adverse verdict and a judgment thereon.

The first group of errors assigned are based upon the assumption that respondent failed to make a case

[1]Reported in 230 Pac. 149.

sufficient to go to the jury on the question of appellant's negligence, and are argued together. We have carefully read and considered respondent's evidence relating to this matter and find it sufficient. Indeed, the testimony, in part by apparently disinterested witnesses, to the effect that appellant at the time admitted that he was at fault, under the peculiar circumstances of this case, is alone sufficient to carry the question of his negligence to the jury, hence nothing more need be said upon this subject.

The second branch of the case has to do with the supposed contributory negligence of the respondent, and of the driver of the car in which she was a passenger, upon the theory that they were engaged in a joint venture, and that therefore the driver's negligence is to be imputed to the respondent.

There was evidence introduced from which the jury might find substantially as follows: On Sunday morning, October 8, 1922, respondent, who was then the house guest of her sister, Mrs. Burr, started from the Burr home for church in a Ford sedan automobile belonging to and driven by Mrs. Burr, respondent occupying the rear seat in the car. Entering the city of Olympia on the Pacific Highway from the east, the car traversed Fourth avenue to its intersection with Franklin street, where it turned south and proceeded along the westerly or right-hand side of Franklin street to its intersection with Fifth avenue, which is near the business center of the city of Olympia, and in what may be termed the "congested district." The Burr car was proceeding probably at a speed of eight or ten miles an hour. As the intersection was approached, Mrs. Burr, the driver of the car, looked so far to the left as to see the entire intersection, testified that it was clear, and thereafter gave the most of

her attention to the right for the purpose of observing any traffic which might be approaching from her right and would have the right of way over her. Her view to the left, after she proceeded into the intersection, was clear and she could, if she had looked, have seen any automobile approaching from the east on Fifth avenue within a block of the intersection. Apparently she did not look beyond the intersection to her left, nor did the respondent whose view was also unobstructed, look beyond the intersection to the left for approaching traffic. This failure to so look is the basis for the contention that respondent and the driver were guilty of contributory negligence.

As we view it, this was a question for the jury to determine under proper instructions. We cannot say, as a matter of law, that in a busy little city such as Olympia is, in the down town district where every driver is supposed to approach an intersection with his vehicle under control, that it is negligence for a driver so approaching with his car under control not to look beyond the street intersection to his left for approaching traffic. Much less can we say that the passenger was at fault in not so looking. So, therefore, we cannot say, as a matter of law, that the driver of the car occupied by respondent at the time of the accident was guilty of contributory negligence; and that being so, there is no occasion to consider the question of whether or not the facts were such that the negligence of the driver, if there had been any, would be imputed to the respondent.

The only remaining question to be considered is the alleged excessive verdict. The verdict in this case was in the sum of $2,250. The respondent, fifty-five years of age, had been gainfully employed for many years, for a long time receiving a compensation of one hundred dollars per month. She had left her employ-

ment some six months before the accident for the purpose of taking a rest, with the expectation of returning to it, or a similar occupation, in the near future. For several years she had been lame in one leg, but not so as to interfere with her being gainfully employed or prevent her from getting about in a reasonable way. The injuries complained of were to the other leg, not previously affected. The question whether her present serious and deplorable condition was due to the injury sustained in this accident, or to a development and extension of her previous trouble, was for the jury, and the jury having determined that question adversely to the appellant, and the verdict being modest in the light of that determination, we cannot interfere.

The judgment appealed from is affirmed.

MAIN, C. J., FULLERTON, PARKER, and BRIDGES, JJ., concur.