PETERSON, Respondent, vs. SIMMS, Appellant.

*March 8—April 6, 1926.*

*Automobiles: Collisions at street intersections: Law of the road: Proximate cause: Special verdict: Form.*

1. The driver of an automobile, on whose right defendant was approaching a street intersection, was required to look in that direction, since defendant had the right of way. p. 519.
2. The unexcused failure of the plaintiff to look for defendant's car, which he did not observe until the collision, which could have been avoided if plaintiff had looked, was a proximate cause of the collision as a matter of law. p. 519.
3. The use in the negligence questions in the special verdict of the phrase "*the* proximate cause" of the collision instead of "*a* proximate cause," is improper, where there might be more than one proximate cause; but it is unnecessary to decide whether the error of itself is prejudicial. p. 519.

APPEAL from a judgment of the municipal court of Racine county: E. R. BURGESS, Judge. *Reversed.*

At about 6:15 p. m. December 28, 1922, at Racine, plaintiff with a guest was driving in his Studebaker touring car northwesterly on Rapids drive and approaching Blake avenue, which opened into from the north but did not cross Rapids drive. Defendant was driving a Cole 8, of about

4,000 pounds, south in about the center of said Blake avenue, intending to turn and go southeasterly on Rapids drive. The two cars collided on Rapids drive, the plaintiff's right front and defendant's left front wheels coming in contact. Defendant counterclaimed for his damages.

By special verdict the jury found:

(1) A want of ordinary care on defendant's part in the operation of his car.

(2) That such want of ordinary care on defendant's part was *"the proximate cause"* of the collision.

(3) A want of ordinary care on plaintiff's part in the operation of his car.

(4) Such want of ordinary care was not *"the proximate cause."*

Judgment was entered dismissing defendant's counterclaim and granting plaintiff judgment. From such judgment defendant has appealed.

For the appellant there was a brief by *Bendinger, Graebner, Hayes & Hofer,* attorneys, and *Wallace H. Hahn,* of counsel, all of Milwaukee, and oral argument by *Gerald P. Hayes.*

For the respondent there was a brief by *Shockley & Dougherty* of Milwaukee, and oral argument by *Glenn R. Dougherty.*

ESCHWEILER, J. Defendant claims to have turned sharply to the west just before and to avoid the collision, but there is evidence warranting the jury's finding that he was negligent in operating his car, and supporting plaintiff's contention that defendant was driving faster than plaintiff, and in going into Rapids drive turned to the left of the intersection in violation of law.

Plaintiff fixes the point of the collision at some six feet to the west and six feet to the south of the curb at such northeast corner, and his car, after they both came to a

stop, was at the south curb of Rapids drive facing south-west, with defendant's car some twelve to fifteen feet to the northwest. The passenger in plaintiff's car had been thrown therefrom by the collision and was lying between the two cars. Headlights were showing on both cars.

At this time there was no building at or near this north-east corner which both were approaching, although plaintiff at first testified that there were buildings there intercepting his view. A telephone pole and several trees did stand there at the time. Nevertheless plaintiff had ample opportunity, if he had seasonably looked, to see defendant's car for some distance north on Blake avenue as it approached the inter-section. It was clearly plaintiff's duty to look, because de-fendant had the right of way. Both plaintiff and his passenger testified that they did not see defendant's car until the collision took place. If plaintiff had seen the other car, a slight checking of his own speed or swerving from his course would undoubtedly have avoided the collision.

Under such state of facts, the jury having found, as they could not well otherwise do, that the plaintiff failed to ex-ercise ordinary care in the operation of his car, the con-clusion cannot be avoided that such negligent operation and failing to keep a proper lookout was necessarily and as a matter of law a proximate cause of the collision, and the trial court should have so held by changing the answer to the fourth question above stated from "No" to "Yes" and then have dismissed both complaint and counterclaim. This case is ruled by *Haggerty v. Rain,* 177 Wis. 374, 186 N. W. 1017.

In framing the second and fourth questions, and as in-dicated by the above italicised and quoted clause in each, referring to the negligence, if any such were found, of the plaintiff and defendant respectively, each such was referred to as "the" proximate cause instead of "a" proximate cause. A situation was here presented where there might be more

than one proximate cause as that term is understood, and a jury might well infer from the phraseology used that if they found defendant's negligence to be "the" proximate cause it might interfere with or prevent their arriving at a conclusion that plaintiff's negligence as found was also "the" proximate cause. It is of course not necessary to hold that such improper phraseology was of itself sufficient to constitute reversible error.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss both complaint and counterclaim.