WALLACE, Respondent, vs. PAFKE, imp., Appellant.

*January 8—April 1, 1930.*

For the appellant there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Charles B. Quarles* and *Leo Mann,* of counsel, all of Milwaukee, and oral argument by *Mr. Mann.*

For the respondent the cause was submitted on the brief of *Cornelius P. Hanley* of Milwaukee.

The following opinion was filed February 4, 1930:

FOWLER, J. The facts above stated were mostly without dispute. So far as in dispute they might properly be in-

ferred from the evidence to be as stated. The crucial question in the case is whether the defendant Papke had the right of way as matter of law when he entered the intersection. If he did, the instruction of the court complained of by appellant was erroneous and prejudicial and there must be a new trial.

Sec. 85.01 (4), Stats., in force at the time of the collision, provided that when two vehicles approached or entered an intersection at approximately the same time, the driver on the left should yield the right of way to the one on the right, but that one driving at an excessive rate of speed forfeited the right which he might otherwise have under the statute. As sec. 85.08 (2) (b) 2, then in force, provided that fifteen miles an hour was a presumptively lawful rate of speed when approaching within fifty feet of an intersection when the driver's view was obstructed as it was here, it would at least be a jury question whether Koenitzer had forfeited his right of way, assuming that the two cars approached or entered at approximately the same time. But as Koenitzer was seventy-five feet away when Papke was ten, and forty feet away when Papke entered the intersection, the two cars did not reach or enter the intersection at approximately the same time, and the statutes did not give Koenitzer the right of way in any event. The statute now, in force, sec. 85.18 (3), provides that a driver approaching an intersection shall yield the right of way to a vehicle that has entered it, but there was no such statutory provision when the collision occurred. It thus appears that neither Papke nor Koenitzer had the right of way under any statute.

In this situation the court instructed in substance that neither party had the right of way as matter of law and that each was bound to exercise due care to avoid collision. The latter part of the instruction is manifestly correct, but if the first part was erroneous the error was prejudicial, as the fact that Papke had the right of way, if as matter of law

he did have it, bore materially on whether he exercised due care under the circumstances.

Papke's counsel requested the court to instruct, in substance, that if the vehicles did not approach the intersection at approximately the same time, but Papke entered it first, Papke had the right of way, and now contends that his such request should have been granted.

That the general rule in absence of statutory provision is as contended for by appellant must be conceded, and the present statute above cited substantially declares such rule. But in the case of *Bertschy v. Seng,* 181 Wis. 643, 195 N. W. 854, relied on by the trial judge, we held erroneous an instruction that the statutory rule then in force giving a driver the right of way over a car approaching from his left had no application where the driver at the right, in the exercise of ordinary care, was already crossing a street intersection before the other vehicle arrived at it. The rule laid down by the learned trial judge in that case was precisely the rule now contended for by the appellant.

It may be stated further that the general rule that the first entering an intersection has the right of way has some limitations. It does not justify one first reaching an intersection in going ahead when it is reasonably apparent that a collision will result from so doing. When each driver approaches an intersection with his car in control as it should be and as it will be if he obeys the statutory provisions, the one who by clear margin enters the intersection first may under the rule requested rightly proceed, as he may then reasonably anticipate that the other will allow him to pass ahead. But if the other vehicle is so close or coming at such dangerous speed that a collision is apparently likely to occur if he proceeds, he must then yield or so keep control of his car as to be able to avoid interference. *Minnis v. Lemp Brewing Co.* (Mo. App.) 226 S. W. 999. And under circumstances such as are here disclosed, an instruction under

the rule contended for should be qualified by further reference to the proximity and speed of the other car.

Appellant contends further that Papke was not negligent as matter of law, because the other car was forty feet away when he entered the intersection and he then judged he had time to cross ahead of it without interference. But when Papke was ten feet away from the intersection, going twelve miles an hour, the other car was seventy-five feet away, and Koenitzer was forty feet away when Papke reached the intersection. Thus Koenitzer traveled thirty-five feet while Papke traveled ten, or three times as fast as Papke. At the respective rates of speed of the two cars a collision would manifestly occur if both kept on in their lines of travel even at their respective rates, as Papke would go approximately twenty feet and Koenitzer approximately forty-five feet before their lines crossed. Papke by his own statement took no thought of Koenitzer's slowing down. Under the circumstances neither had the right of way, Koenitzer because he did not approach the intersection at approximately the same time as Papke, and Papke because the rule he contends for had been rejected by this court. Each was under the circumstances bound to use due care to avoid collision. Neither could rush blindly ahead regardless of the other. Even had the rule been that the first entering the intersection had the right of way, Papke was still bound to note the closeness and speed of the other car, and if it was reasonably apparent that a collision was likely to occur it was his duty to yield or so keep his car in control as to be able to avoid interference. The jury may have considered that under the circumstances, although Papke used due care as to lookout, he was not justified in entering the intersection ahead of Koenitzer in view of his speed and proximity. They may have thought he should have ascertained Koenitzer's intention before entering the intersection. As the learned trial judge said in his opinion on motions after verdict, it is

useless to keep a lookout unless one heeds what he sees and gives due consideration to it. To justify reliance on judgment, when no emergency exists—and none existed here when Papke judged he had time to pass ahead of Koenitzer, —the judgment must be a reasonable one under the circumstances existing. We consider that the jury were justified in finding that Papke was negligent in respect of control of his car.

It is also urged that want of control of Papke's car, as found by the jury, was not a proximate cause of the collision because he had no reason to anticipate danger of collision. We have considered the element of reasonable anticipation in what we have said above in connection with negligence. If from the circumstances collision was not reasonably to be anticipated as probable by Papke, then Papke was not negligent. The case of *McCaffery v. Automobile L. Co.* 176 Wis. 230, 186 N. W. 585, is relied on to the point that Papke had the right to assume that Koenitzer would yield to him the right of way. But the *McCaffery Case* is based on the fact that the driver of the car involved had the right of way under the statute. Here Papke did not have such right, either under the statute or because he entered the intersection first. As the reason for application of the rule of the *McCaffery Case* does not apply here, the rule of that case does not apply.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, with $25 costs, on April 1, 1930.