HUBER, Respondent, vs. HINZPETER and another, Appellants.

*December 8, 1931—January 12, 1932.*

*D. J. Regan* of Milwaukee, for the appellants.

For the respondent there was a brief by *Lewis G. Brown* of Lake Geneva, attorney, and *Charles E. Wilson* of Elkhorn of counsel, and oral argument by *Mr. Wilson*.

FOWLER, J. The defendants claim that (1) the court erred in not finding that the negligence of the plaintiff was a proximate cause of the collision and in not entering judgment dismissing the complaint. The defendant John Hinz-

peter claims further that (2) the court erred in not finding that his wife was not acting as his agent in driving the car and in not entering judgment for him on his counterclaim.

(1) The court's finding as to the plaintiff's contributory negligence is based on his own testimony, which was to the effect that he saw the defendant coming on the side road about one hundred yards from the intersection about the same distance away that he was; that he slowed down a bit and did not pay any more attention; but he said also that after his first observation his eyes followed the other car along until he thought it was slowing down. Both cars were then fifty feet from the intersection. He was traveling thirty miles an hour. He did not pay any more attention because he was on the main highway and had the right of way. He just stepped on the gas and kept going. He expected defendant would stop her car. He was past the center of the intersection when the cars collided.

If the plaintiff were in fact negligent for not keeping the car under observation after he saw it slow down fifty feet from the intersection, we would then be of opinion that his negligence contributed to the collision. Negligence or want of ordinary care includes reasonable anticipation of harm. *Hamus v. Weber,* 199 Wis. 320, 226 N. W. 392; *Osborne v. Montgomery,* 203 Wis. 223, 234 N. W. 372. If plaintiff foresaw, as the court inferentially found, that a collision might probably occur and took no precautions to avoid it, when manifestly he might have avoided it had he taken the precaution of slowing down and stopping if necessary, his failure to act in such way necessarily contributed to the collision. In *Peterson v. Simms,* 189 Wis. 517, 208 N. W. 264, Mr. Justice Eschweiler said in an intersection collision case wherein the jury found want of ordinary care and want of proximate causation:

"The jury having found . . . that the plaintiff failed to exercise ordinary care in the operation of his car, the con-

clusion cannot be avoided that such negligent operation and failing to keep a proper lookout was necessarily and as a matter of law a proximate cause of the collision."

But we cannot agree with the trial court that the plaintiff was guilty of a want of ordinary care. The other car was stopping at fifty feet away and he had the right of way. It is held in *McCaffery v. Automobile Liability Co.* 176 Wis. 230, 186 N. W. 585, that a driver has the right to assume that another driver on an intersecting street over whom he has the right of way will yield the right of way. We do not find that this rule has ever been questioned in any later decision. Under it the plaintiff here was not guilty of negligence. The judgment for the plaintiff should be affirmed on this ground.

(2) We are also of opinion that the finding of the court that Mrs. Hinzpeter was the agent of her husband cannot stand. She testified that she was driving her husband's car, taking cucumbers to market which were grown on her husband's farm and going to a country club to collect caddy fees earned by the minor sons of her husband. She said the money from the cucumbers belonged to her and that the money for the caddy fees belonged to the boys. This testimony is in no way disputed and it compels a finding that she was not driving the car as the agent of her husband. The judgment must be reversed as far as it awards judgment against the defendant husband, but as plaintiff was not negligent it is affirmed as to dismissing his counterclaim. However, under the policy in suit, as Mrs. Hinzpeter was driving the car with her husband's consent, the judgment against the insurance company should be affirmed.

*By the Court.*—The judgment is affirmed with costs as against the defendants insurance company and Mrs. Hinzpeter and reversed as against the defendant John Hinzpeter.