MANCHUK, Respondent, vs. THE MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*September 9—October 8, 1940.*

For the appellant there was a brief by *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *Carl Muskat.*

For the respondent there was a brief by *Rubin, Zabel & Ruppa* and *Wm. B. Rubin,* all of Milwaukee, and oral argument by *Mr. John W. Zabel* and *Mr. Rubin.*

FRITZ, J.   The collision in question occurred on the morning of December 28, 1937, at the right-angled intersection of West Lapham street, running east and west, and South Seventh street, running north and south.. The streets were icy and plaintiff claims that on the east half of Seventh street there were wheel-track ruts made by ·northbound traffic.   The width of the roadway between curbs was forty-five feet eight inches on Seventh street and forty feet on Lapham street.   There was a six-feet-wide crosswalk con-

necting the south sidewalks on Lapham street, which were four feet south from its south curb line. Plaintiff, in approaching the place of the collision from the south, drove north on the east half of Seventh street. The bus driver, in approaching the intersection, drove west on the north half of Lapham street toward the intersection, and upon entering it turned southwest across the southeast quarter thereof to the west half of Seventh street. The impact was between the left front wheel and fender of plaintiff's automobile and rear part of the left rear fender and wheel of the bus, when that wheel was near the south edge of the south crosswalk and the center line of Seventh street. Upon the issues submitted to the jury, it found that plaintiff was not negligent in respect to (a) keeping a proper lookout, (b) the speed at which he was operating, and (c) the management and control of his automobile; but that the bus driver was causally negligent in each of those respects. On this appeal and also on the trial the defendant contends that as a matter of law the evidence did not admit finding that the bus driver was negligent in any respect, or that, if he was, his negligence was not a proximate cause; and that, on the other hand, plaintiff was guilty of contributory negligence, which as a matter of law was the sole proximate cause, or at least as great as any negligence of the bus driver.

A review of the evidence discloses that causal negligence on plaintiff's part in respect to keeping a proper lookout was established as a matter of law. He testified that he did not see the bus at all until his automobile was five or seven feet from the bus. It appears, upon giving the evidence the construction most favorable to the plaintiff-respondent of which it reasonably admits (as we must on this appeal, *Trautmann v. Charles Schefft & Sons Co.* 201 Wis. 113, 228 N. W. 741), that the impact between the left front fender and wheel of his automobile and the left rear

fender and wheel of the bus occurred when that wheel was, at most, four or five feet south of the south crosswalk, and five or six feet east of the center line of Seventh street; if so, the front of the twenty-eight and one-half feet long and nine feet two inches wide bus had traveled in the intersection, up to the time its rear end reached the place of impact, at least seventy-five feet from the place where it entered the intersection at the east side of the crosswalk on the north half of Lapham street; and that at all times while the bus was traveling from that place to the point of impact, and while the plaintiff was approaching on Seventh street for the last one hundred and seventy feet south of the place of impact, he could and ought, in the exercise of ordinary care, to have observed the course of the bus long prior to when he was but five or seven feet from it, and in ample time to have avoided the collision. Even if the bus traveled, as plaintiff claims, at fifteen miles per hour in passing over the intersection, and he approached at fifteen to nineteen miles per hour and then slowed down to six or seven miles per hour, he certainly had ample opportunity to observe and should, in the exercise of ordinary care, have observed that the bus had entered the intersection from his right and was turning left within the intersection when he was at least seventy-five feet south of the point of the collision; and, if he had so observed by keeping a proper lookout, he undoubtedly could and would, with that distance intervening, have avoided the collision by reducing his speed, or by swerving but a foot or two to his right and thus passing the bus in the space of at least sixteen feet which remained available for his passage in safety between the bus and the east curb. In view of these facts and circumstances, his failure to keep a proper lookout constituted negligence as a matter of law. As this court has said, "Had he maintained a proper lookout as he approached the intersection, it is but fair to assume that he could have detected

the approach of defendant's car in time to avoid the collision, and his admitted failure to maintain such lookout constitutes negligence as a matter of law, under the circumstances of this case." *Haggerty v. Rain,* 177 Wis. 374, 376, 186 N. W. 1017; *Bodden v. John H. Detter Coffee Co.* 218 Wis. 451, 261 N. W. 209. And as plaintiff had ample opportunity to avoid the collision, and could and ought to have done so by the exercise of ordinary care in managing and controlling his automobile but for that negligent failure to keep a proper lookout and thereby sooner observe the presence of the bus, his negligence in this respect constituted a proximate cause as a matter of law. *Peterson v. Simms,* 189 Wis. 517, 208 N. W. 264; *Haggerty v. Rain, supra.* Consequently the court erred in submitting these issues to the jury instead of finding the plaintiff guilty as a matter of law of causal negligence in failing to keep a proper lookout. However, in relation to the issues as to whether plaintiff was causally negligent in respect to the speed and the control and management of his automobile, there are such conflicts in the testimony bearing thereon that the court rightly submitted these issues to the jury.

On the other hand, the evidence does not sustain the jury's finding that the bus driver was negligent in respect to keeping a proper lookout, or warrant the submittal of that issue to the jury. The driver's testimony as to keeping a lookout is not contradicted or in conflict with any other evidence or such inferences as can reasonably be drawn therefrom. He testified that from the time he looked to the south on Seventh street, when he was on the east crosswalk of the intersection, he continued to observe plaintiff's automobile as it approached from one hundred and seventy feet south of Lapham street up to the point of impact; and that during that time the bus traveled seventy or eighty feet and he saw the automobile as it began sliding when it was maybe twenty or thirty or forty feet south of him, and

that thereupon he applied the brakes and slowed up the bus just before the impact, so that it went only five, six, or seven feet after the impact. As there is no proof in conflict with this testimony or which rendered it incredible, the jury's finding that the driver was negligent in respect to lookout cannot be sustained; and the court erred in submitting this issue to the jury.

On the subject of the speed at which the driver operated the bus, there is a conflict between his testimony that he was driving at three to four miles per hour as he reached Lapham street and increased his speed to eight or ten miles as he made the turn into Seventh street, and, on the other hand, evidence upon which plaintiff relies, that the bus traveled at fifteen to eighteen miles per hour as it went around the curve and when the impact occurred. However, even if the jury believed that the driver operated the bus at this higher rate of speed and that in doing so he was negligent in view of the icy condition of the street,—although there is no proof that the bus skidded,—it does not follow that the excessive speed of the bus constituted a cause of the collision. On the contrary, it would seem that greater speed on the part of the bus in traversing the intersection tended to avoid rather than to cause the collision, in view of the following circumstances: (1) The bus had entered the intersection and started turning southwestward in the intersection before plaintiff had reached the south crosswalk with the bus to his right, so that the bus driver clearly had the right of way; and (2) before the collision occurred the bus had almost completed its left turn so that all but its rear left wheel and fender was to the west of the center of Seventh street, and the impact was with merely the left front corner of plaintiff's automobile. As that corner and the rear left wheel and fender of the bus overlapped but a few inches at the time of the impact, greater speed on the part of the bus would manifestly have hastened its clearance of the east half of Seventh

street, and thereby terminated its interference with north-bound traffic.

The submittal to the jury of the issues as to whether there was causal negligence in respect to the bus driver's management and control of the bus was warranted under the evidence. It may be true, as defendant contends, that because the bus driver entered the intersection on plaintiff's right before he had reached the south crosswalk, the bus driver had the right of way under sec. 85.18 (1), Stats.; that he, by extending a dummy arm at the left side of the bus, sufficiently gave a plainly visible signal of his intention to make the left turn to constitute compliance with sec. 85.18 (1), Stats.; and that, under sec. 85.17 (2), Stats., it was not only permissible, but in law the bus driver's duty in making the left turn to pass to the left of the center of the intersection, and that in doing so with a bus of that size, there would necessarily be an invasion of a considerable portion of the southeast quarter of the intersection. Nevertheless there would still remain in issue the questions as to whether the driver in making the turn passed "as closely as practicable to the left of the center of the intersection," and whether he left "the intersection immediately to the right of the center of the intersecting highway," as is likewise required under sec. 85.17 (2), Stats. In this connection there was also the question whether the driver was negligent in failing to clear entirely the east half of Seventh street before leaving the intersection, in view of the width of forty-five feet between curbs on Seventh street and of forty feet on Lapham street, and the absence of any other vehicle in the west half of Seventh street or on Lapham street, which, if present, might have prevented driving the bus closer to the west curb, and an earlier clearance of the east half of Seventh street. All of these matters in issue were involved under the questions submitted to the jury as to causal negligence on the part of the driver in the management and control of the bus.

For the reasons stated, the judgment must be reversed and a new trial ordered.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.