HARDWARE DEALERS MUTUAL FIRE INSURANCE COMPANY, Appellant, v. HOME MUTUAL INSURANCE COMPANY, Respondent.*

*June 2—June 30, 1964.*

* Motion for rehearing denied, with costs, on September 2, 1964.

For the appellant there was a brief and oral argument by *Aaron Belongia* of Milwaukee.

For the respondent there was a brief and oral argument by *Alan Shafrin* of Milwaukee.

WILKIE, J.   The one issue presented on this appeal is as follows: Under the circumstances of this case, was Maher causally negligent as a matter of law with respect to lookout in that he failed to estimate Kollross' speed as he (Maher) entered the intersection and/or he failed to make additional observations of Kollross' vehicle as he traveled through the intersection?

A driver who is entering an intersection controlled by signal lights with the light in his favor has a duty to observe traffic to either side of him, to determine whether or not

a car approaching the intersection, and likely to enter the intersection at the moment the observer arrives, will fail to yield the right-of-way.[1]

This duty of observation carries the corollary requirement of making an accurate estimate of the approaching vehicles' distance and speed so that the observer may determine that given a certain distance and speed, an approaching car will necessarily run the light even if the driver applies his brakes at that moment.[2] The driver enjoying the right-of-way must then take the necessary steps to avoid a collision.

In the case at bar Maher's observation, when he first saw the Kollross car approaching from the right, was not adequate to make the relevant judgment, *i.e.,* whether Kollross' speed and distance from the intersection were such that he would in all probability fail to yield the right-of-way, even if Kollross applied his brakes at that moment. But even assuming Maher was negligent as to lookout as he entered the intersection, it is clear that this negligent conduct was not causal. In fact, Kollross was driving 25 miles per hour from the middle of the block until the collision in the southwest quadrant of the intersection. Had Maher properly estimated Kollross' speed, he could have reasonably assumed that at that distance and speed, Kollross could yield the right-of-way if he responded to the red light. Further, Maher, after the initial observation, could reasonably assume that Kollross would respect the rules of the road and yield to the red light. The collision was actually caused by the failure of Kollross' defective brakes at the entrance of the intersection. Thus, Maher's negligence as to lookout, if any, was not a cause, in fact, of the accident.

---

[1] *Ide v. Wamser* (1964), 22 Wis. (2d) 325, 126 N. W. (2d) 59; *Oelke v. Earle* (1956), 271 Wis. 479, 74 N. W. (2d) 336; *Wilson v. Koch* (1942), 241 Wis. 594, 6 N. W. (2d) 659.

[2] *Plog v. Zolper* (1957), 1 Wis. (2d) 517, 85 N. W. (2d) 492.

Hardware contends that Maher had a duty to continue making observations to either side as he passed through the intersection. Had he done so, he would have been able to observe Kollross penetrating the intersection against the red light. He then could have accelerated slightly, and avoided the collision.

A driver passing through an intersection controlled by signal lights, with the green light in his favor, need not make continuing observations to either side, after making an initial observation and determination that a car approaching from the side was traveling at such speed and was at such a distance from the intersection that the driver could, as a matter of physical fact, yield the right-of-way if he responded to the red light.[3] This rule was pronounced by the court in *Wilson v. Koch, supra.* In that case the defendant truck driver, moving in an easterly direction, approached an intersection controlled by signal lights. He stopped for a red light. When the light turned green, he looked to the north and observed a car at a distance and speed such that the driver could have yielded had he responded to the red light facing him. The defendant moved into the intersection as the car, moving from the north, ran the light and a collision occurred in the center of the intersection. The court held on these facts that the driver was not negligent as to lookout *as a matter of law.* After making the initial observation and determining that the vehicle approaching against the light could be stopped if the driver responded to the light, a driver, moving with the green light in his favor could proceed across the intersection without making further observation to either side. He could rely upon his right of way pursuant to the terms of sec. 346.37, Stats.

In the instant case, Maher had no duty of continuing observation, once he had made an efficient observation upon entering the intersection. The fact that Maher did not make

---

[3] Sec. 346.37, Stats. *Wilson v. Koch, supra.*

such observation has no relevance here, because, as noted, such failure was not the cause in fact of the particular accident. He could proceed across the intersection relying upon Kollross stopping at the red light.

*Oelke v. Earle, supra,* relied upon by Hardware, is distinguishable. In that case, a driver (Maxfield) moving with a green light was held to have been causally negligent with respect to lookout for moving into an intersection with a green light (after approaching from a substantial distance with the light in his favor), when his ability to make an efficient observation to one side was impaired by a physical obstruction at such intersection. The competing car which ran the light had entered the intersection before his arrival. In effect, Maxfield was negligent with respect to his initial observation. No such barrier was present here, nor had Maher traveled a considerable distance with the light in his favor before entering the intersection. Moreover, Maher had nearly cleared the intersection before Kollross arrived.

*By the Court.*—Judgment affirmed.