Heintz v. Schenck, 176 Wis. 562.

HEINTZ, Respondent, vs. SCHENCK, Appellant.

*January 12—April 11, 1922.*

*Automobiles: Right of way at intersecting streets: Boulevards divided by parkway: Trial: Remarks of counsel: Qualifications of juror: View of premises: Nonprejudicial error: Excessive damages.*

1. In an action for injuries sustained in a collision between two automobiles, remarks by both counsel in reference to an insurance company were not prejudicial, where the talk about such company seems to have originated with defendant's counsel, and it was not clear whether he was trying to tell the jury that plaintiff had indemnity insurance or whether plaintiff's counsel was trying to bring out the fact that defendant's counsel represented an insurance company; and the error, if any, was cured by the court's prompt direction that the jury disregard the remarks.

2. That a juryman who heard this action, on a later day, on his *voir dire* examination in another personal injury action, in answer to a question as to whether he would start out with any idea that "no matter whether there is no blame on anybody's part or not, if there was no blame on the plaintiff's part, they ought to get some money," stated "Why, yes; he is entitled to some money," did not show a disqualification, the question being indefinite and uncertain and it being doubtful what part he was attempting to answer. [The question whether a disqualification of a juror subsequently appearing might be ground for new trial, not passed upon.]

3. Under sec. 1636—49, Stats., giving to the driver of any vehicle the right of way at street intersections over vehicles approaching from the left, a car approaching from the south and reaching the south line of a boulevard, having driveways on both sides of a center park, before a car approaching from the east on the north driveway of such boulevard reached the east line of the intersecting avenue, did not have the right of way over such car, the intersection protected by the statute being that of the northerly part of the boulevard with the intersecting avenue.

4. In an action for injuries from a collision between two automobiles at a street intersection, an instruction that the jury had been taken out to view the scene of the accident because in the court's opinion such view was necessary to a just decision, and that if any witness testified to anything the jury knew, by the evidence of their senses, was false, they

might disregard his testimony, though no other witness testified to the fact as they knew it to be, was erroneous but not prejudicial, where, so far as applicable to any evidence, it may have been more favorable to defendant than to plaintiff.

5. Under secs. 2829 and 3072m, Stats., providing that no judgment shall be reversed for misdirection of the jury unless the court can say from an examination of the whole record that the error has affected appellant's substantial rights, it must appear affirmatively of record, with reasonable clearness, not only that the error was harmful, but that it was harmful in a material degree, since error will not be presumed, nor, where it appears, will it be presumed prejudicial.

6. The amount of damages being peculiarly a jury question, the court will set aside a verdict as excessive with reluctance, especially where it has been approved by the trial court.

7. A verdict of $8,000 to compensate plaintiff, a painting contractor sixty-two years of age, for injuries to his shoulder joint impairing his ability to work, for hospital and physician's bill of $144.20, and for repairs to his automobile amounting to $187.50, is considered excessive by $2,000.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Modified and affirmed.*

Personal injury. From the complaint it appears that Kenwood boulevard and Maryland avenue are public highways in the city of Milwaukee, Kenwood boulevard extending in an easterly and westerly direction and Maryland avenue in a northerly and southerly direction, intersecting each other at right angles; that on October 23, 1919, the plaintiff was driving a Ford truck along and upon Kenwood boulevard in a westerly direction and across the intersection of the boulevard with Maryland avenue, in a careful and prudent manner, and was upon the right side of the highway; that the defendant was driving his automobile in a northerly direction on Maryland avenue and across Kenwood boulevard at a negligent and reckless rate of speed, in violation of the laws of the state of Wisconsin, the rules of the road, and the ordinances of the city of Milwaukee; that the plaintiff's truck was struck by the defendant's automobile, due to the negligence of the defendant, and as a consequence the

plaintiff sustained serious and permanent injuries.    The plaintiff was a painting contractor with an earning capacity of $300 per month.    A second cause of action was stated as a basis for a claim of $500 damage to plaintiff's automobile.

By the answer the material allegations of the complaint were put in issue.   The case was tried by the court and jury and the jury returned a special verdict by which it found that the defendant failed to exercise ordinary care in the management and control of his automobile at and immediately prior to plaintiff's injury; that such failure to exercise ordinary care was the proximate cause of plaintiff's injury; that the plaintiff was not guilty of contributory negligence; and assessed the plaintiff's damages at the sum of $8,000.

There were the usual motions after verdict.   Sixty days after the rendition of the verdict having passed without the court having acted upon the motion for a new trial, it was denied and judgment was thereupon entered in favor of the plaintiff for $8,000 and costs.   The court, however, at the request of the plaintiff, expressed the opinion that he would have denied the motion for a new trial, but would have reduced the damages to $5,000.   From the judgment entered the defendant appeals.

For the appellant there was a brief signed by *Glicksman, Gold & Corrigan,* and oral argument by *Walter D. Corrigan* and *Robert Wild,* all of Milwaukee.

For the respondent there was a brief by *Dale C. Shockley,* attorney, and *Edgar P. Ettenheim* and *L. A. Schweichler,* of counsel, all of Milwaukee, and oral argument by *Mr. Shockley* and *Mr. Ettenheim.*

The following opinion was filed February 7, 1922:

ROSENBERRY, J.   On behalf of the defendant it is contended that the verdict is contrary to all reasonable probabilities and should for that reason be set aside, and it is further contended that the plaintiff should be held guilty of

contributory negligence as a matter of law. We have carefully reviewed the evidence and are convinced that there is ample credible evidence to sustain the finding of the jury both as to the negligence of the defendant and as to the want of contributory negligence on the part of the plaintiff. We shall not set out or discuss the evidence in detail as no useful purpose will be served thereby.

The defendant further contends that a new trial should be granted because of improper remarks of plaintiff's counsel during the course of the trial. It appears that during the absence of the official reporter a colloquy between counsel took place, and upon the return of the reporter the following record was made:

"By Mr. Gold [attorney for defendant]: Now, Mr. Shockley [attorney for plaintiff] asked me whether I represented an insurance company and I told him 'No.'

"By Mr. Shockley: He made the statement first.

"By the Court: This is highly improper. The jury will disregard this. It has no place in this case.

"By Mr. Shockley: I submit that the statement made by counsel first—he ventured the remark—

"By the Court: I said this has nothing to do with the case. Neither one of you has any business talking about that feature. It has nothing to do with the case.

"By Mr. Gold: So that your honor and the jury will understand that I didn't say anything—counsel asked me whether I wanted to ask *Mr. Heintz* any more questions, and I said: 'Not until I get the statements from the Standard Accident Insurance Company.'

"By Mr. Shockley: He didn't say that. He said he wanted statements from the insurance company, and I said: 'Is that your insurance company?' and he said he didn't represent any insurance company. It is false.

"By Mr. Gold: I object to that.

"By the Court: The objection will be sustained. This is not an issue in this case, and counsel cannot make it an issue. This has nothing to do with this case, and the jury will disregard it."

This assignment is based upon *Chybowski v. Bucyrus Co.*

127 Wis. 332, 106 N. W. 833.  We do not think this case comes within the principle of that case.   The talk about an insurance company seems to have originated with counsel for defendant, and we are unable to determine from the record whether counsel for defendant was trying to tell the jury that the plaintiff had indemnity insurance or whether plaintiff's counsel was trying to bring out the fact that Mr. Gold represented an insurance company.   Neither counsel for plaintiff nor defendant was justified in the course which he pursued.   We are unable to discover any prejudicial error, and such error as there was, if any, was cured by the prompt and vigorous direction of the court to the jury that it should be disregarded.

It appears that several days after the verdict in this case was returned, Richard Genz, who was foreman of the jury, was examined by Mr. Gold, counsel for the defendant in this case, on his *voir dire* in another case.   Upon this examination Mr. Genz was asked the following question:

"*Q.* Well, would you start out the case with any idea that no matter whether there is no blame on anybody's part or not—if there was no blame on the plaintiff's part, they ought to get some money?"

He replied:

"*A.* If there was no blame on the plaintiff's part?
"Mr. Gold: *Q.* Yes.
"Mr. Genz: *A.* Why, yes, he is entitled to some money."

Waiving the question whether or not a disqualification subsequently appearing might be urged as a ground for a new trial in a prior action, we are of the opinion that the question and answer do not show a disqualification in any case.   The juryman might well have declined to answer the question because of its indefiniteness and uncertainty, but a juryman called in the rather embarrassing and unusual circumstances of being examined in open court would hardly take it upon himself to criticise questions propounded to

him, and no doubt he made the best answer of which he was capable. A great deal of speculation might be indulged in as to what was in fact in the juror's mind. If the juror was attempting to answer the latter part of the question, his reply would seem to indicate a clear understanding of the effect of the plaintiff's negligence upon his right to recover, but that is not a disqualification.

Kenwood boulevard is seventy-two feet wide between curbs and has a center park twenty-five feet in width. Each driveway is therefore twenty-three and one-half feet. Where Maryland avenue intersects Kenwood boulevard there is a width of eighty feet between the ends of the park spaces in Kenwood boulevard. Having in mind sec. 1636—49, Stats., the court instructed the jury as follows:

"At the intersection of any public street or highway with any other public street or highway of this state, the operator or driver of any vehicle shall have the right of way over the operator or driver of any other vehicle approaching him on such cross-street or highway from the left."

The jury were further instructed:

"The rights of travelers upon public streets, whether in automobiles or other vehicles or on foot, are mutual and co-ordinate, and it is the duty of each, in using the streets, to exercise ordinary care so as not to cause injury to another having an equal right."

The giving of this instruction is assigned as error for the reason that it is contended that the defendant reached the south line of Kenwood boulevard before the plaintiff reached the west line of Maryland avenue. Maryland avenue is thirty-five feet in width between curbs. The width of Maryland avenue is not to be confused with the ends of the parking place on Kenwood boulevard, which is, as has been stated, eighty feet. As we understand the defendant's contention, it is that a car approaching from the south on Maryland avenue and reaching the south line of Kenwood boulevard first would have the right of way over

a car moving west on Kenwood boulevard on the north driveway by reason of that fact. We do not think the statute should be so construed. The thing that is protected by the statute is the intersection. The line of travel moving westerly is on the north side of Kenwood boulevard, and the intersection that is protected is the intersection of the northerly part of Kenwood boulevard with Maryland avenue. In applying the statute, Kenwood boulevard is in practical effect two streets separated by a park.

Other errors are assigned with reference to the charge. Sentences are taken from their context and arguments based thereon which are not warranted when the charge is considered as a whole.

The court instructed the jury as follows:

"Now, gentlemen, you have been taken out to view the scene of this accident, and you have also been out to see the automobile that was driven by the plaintiff at the time of the accident, and the automobile that was driven by the defendant, for the reason that in the opinion of the court such view was necessary to a just decision.

"You are instructed that the view of the premises and the view of the automobiles, as made by you, was for the purpose of assisting you in weighing and applying the evidence in the case; and that, notwithstanding such view, you must, in deciding this case, be governed by all of the credible evidence in the case.

"If any witness produced upon the trial has testified to anything which you know by the evidence of your senses on the view to be false, you are not bound to believe the witness as to such fact, and you may disregard his testimony as to said fact, although no other witness has testified on the stand to the fact as you know it to be."

The defendant criticises the language used in the last paragraph and the statement in the first paragraph to the effect that the view was had "for the reason that in the opinion of the court such view was necessary to a just decision." The giving of this instruction was error under the ruling in *Haswell v. Reuter,* 171 Wis. 228, 177 N. W. 8, and cases

cited. Nothing appears of record to which the instruction was applicable unless it be the dispute as to the height of the bank on the south side of Kenwood boulevard, which, it was contended, obstructed the view of certain witnesses who claim to have seen the accident. If there are other circumstances to which the instruction might apply, they have not been called to our attention either in the brief or upon oral argument. So far as applicable to the dispute as to the height of the embankment and the obstruction of the view of the witnesses who testified for the plaintiff, the instruction may have been more favorable to the defendant than to the plaintiff. Under sec. 2829, Stats., as supplemented by sec. 3072m, no judgment shall be reversed for misdirection of the jury unless we are able to say from an examination of the whole record that the error complained of has affected the substantial rights of the party appealing. Error will not be presumed, nor where error appears will it be presumed to be prejudicial. It must appear affirmatively of record, with reasonable clearness, not only that the error was harmful, but that it was harmful in a material degree. *Koepp v. Nat. E. & S. Co.* 151 Wis. 302, 139 N. W. 179. We find nothing in this record upon which a conclusion that the substantial rights of the defendant have been materially adversely affected can be based.

The plaintiff was a painting contractor, sixty-two years of age, and had an expectancy, therefore, of something over twelve years. The hospital and physician's bill amounted to $144.20. The repairs to the Ford truck amounted to $187.50. In the adjustment of insurance, total disability was claimed for two months and twelve days and partial disability for one month and twenty-four days. It was the estimate of physicians that the plaintiff sustained a ten per cent. impairment of the use of his shoulder joint. He has lost some weight and the nature of his injuries no doubt limits his ability to handle his tools and to work with his hands above his head. He sustained a fracture of the collar

bone, which resulted in some shortening and affected the usefulness of the shoulder. joint. The jury assessed the plaintiff's damages at $8,000, and the verdict is attacked here as being excessive. The amount of damages is peculiarly a jury question and the courts set aside verdicts as excessive with reluctance, especially where they have been approved by the trial court. The court is in this case, however, of the opinion that the verdict is excessive and should not have been for a greater sum than $6,000, and the judgment should be so modified.

*By the Court.*—The judgment appealed from is modified as stated in the opinion, and as so modified is affirmed, appellant to recover his costs in this court.

A motion for a rehearing was denied, with $25 costs, on April 11, 1922.