SCHARINE, by guardian *ad litem,* Plaintiff and Respondent, vs. HUEBSCH, Defendant and Appellant, and SCHULTZ, Defendant and Respondent.

*December 9, 1930—January 13, 1931.*

262

For the appellant there was a brief by *Jeffris, Mouat, Oestreich, Avery & Wood* of Janesville, and oral argument by *Otto A. Oestreich.*

For the respondent Scharine there was a brief by *Godfrey, Amlie & Arnold* of Elkhorn, and oral argument by *Alfred L. Godfrey* and *Thomas R. Amlie.*

For the respondent Schultz there was a brief by *Nolan, Dougherty, Grubb & Ryan* of Janesville, and oral argument by *Paul N. Grubb.*

FOWLER, J. No complaint is made by appellant of the findings of the jury that he was negligent and the plaintiff not negligent. He contends that the damages are excessive and that a new trial should be awarded on this ground. He

also claims that the driver of the towed truck was guilty of concurring negligence as matter of law and that he should have judgment against his codefendant for contribution if the judgment for the plaintiff stands. Error is also claimed and a new trial asked because of alleged error of the court in instructing regarding conduct in an emergency and because of a remark made by counsel for Schultz in his argument to the jury.

(1) We are of opinion that the verdict of the jury cannot be considered excessive. The humerus bone of plaintiff's right arm was fractured in the upper portion and the elbow joint was broken. These two fractures made a successful setting operation a long and exceedingly painful process. The tension of the muscles rendered it necessary to pull the lower part of the upper arm so as to bring the broken bones in proper apposition and this pulling put the elbow out of place. To set both fractures at the same time was extremely difficult and required frequent adjustments over a protracted period. There is considerable loss of motion of the fractured arm at the elbow, the arm is not as strong or large as the left and should normally be both larger and stronger. There was also a severe cut on the left arm near the elbow which left a scar in healing which is tender to the touch and from its location subject to frequent irritation from accidental contacts. An injury to the nose left it so crooked as to constitute a considerable deformity, which is likely to increase with age. There was also a head injury from which plaintiff still suffers somewhat. There were other injuries less serious.

(2) We consider that whether the drivers of the trucks were negligent was a jury question under the evidence, and that defendant Huebsch is not entitled to have judgment for contribution directed against Schultz.

(3) Appellant's claim to a new trial for misinstruction of the court regarding conduct in an emergency is grounded

on the proposition that the emergency created, if there was one, was as a matter of law created by the negligence of one or the other or both of the drivers of the defendant's trucks. The argument is that as the trucks were traveling up grade the head truck under power would necessarily gain on the towed truck if neither was braked. The head driver testifies that he did not attempt to stop until he had received a signal from the rear truck and that he stopped gradually. The Schultz boy claims that his turning left was necessary to avoid hitting the truck ahead. If this was true, the cause of the emergency, if there was one, might well be considered by the jury to have been negligence of the driver of the head truck. That truck had four-wheel while the towed truck had two-wheel brakes, so that if the brakes on both cars were in good order those on the head truck were more effective and the head truck would stop more quickly than the rear if the brakes on both were applied at the same time. If the claim of the driver of the head truck is true, the jury might well have found the emergency, if there was one, was caused by negligence of the Schultz boy in not promptly braking his truck or by inefficient brakes on the towed truck. In either case it was for the jury to say whether any emergency existed to justify the left turn, and if it did whether it was created by negligence of the truck drivers. The court stated the emergency rule as follows:

"But bear in mind that even prudent and intelligent persons while exercising proper care may, in a sudden emergency, do that which afterward appears to have been the wrong thing to do, and will still be held not to have failed to exercise ordinary care if they did what to them at the moment appeared to be the best or safest thing to do."

The court did not limit application of the rule to emergencies not created by the negligence of the one acting in the emergency and the statement implies that an emergency existed. The instruction is faulty both for not putting it up

to the jury to say whether an emergency existed, and, if it did exist, to say whether the truck drivers created it by their negligence. It may be said that the Schultz boy was absolved of negligence by the jury, but nothing was submitted to the jury or said about negligence of the driver of the other truck. This should be held prejudicial error requiring a new trial unless the statutory rule, sec. 270.28, Stats., that facts essential to judgment not requested to be submitted to the jury are submitted to the court and assumed to have been determined by the court in such manner as to uphold the judgment, requires us to hold that the trial judge found no negligence on the part of the driver of the head truck. But as it is not an unreasonable inference that there could not have been danger of the trucks colliding while going up grade unless one of the drivers was negligent or the brakes of the towed truck were inefficient, we are of opinion that the inference respecting the exercise of due care by the driver of the towed truck was so dependent on the inference of fact respecting the conduct of the driver of the other truck that proper consideration of the former's conduct by the jury required that their attention be directly called either by questions or definite instruction to the conduct of the latter. As the jury's attention was not so directed, we consider the issue of the negligence of the defendant Schultz was not properly submitted, and a new trial of that issue must be ordered.

(4) The charge of prejudice resulting from a remark of counsel for Schultz in argument to the jury is more grievous than the usual complaint of like nature. The remark was to the effect that if members of the jury would read their automobile insurance policies they would see that the insurance companies are not responsible when the insured's car is driven by one not having a license. The licensing age for drivers of trucks is sixteen years. Sec. 85.08, Stats.

This was a manifest suggestion that Schultz's insurance carrier was not responsible and that any damage for which Schultz was held responsible would have to be paid by him personally. It had appeared on the trial that both defendants had insurance. We are of opinion that upon this ground also a new trial of the issue of Schultz's negligence should be ordered.

(5) The plaintiff has not appealed from the judgment. She is content with a judgment against the defendant Huebsch alone. The judgment should be affirmed in so far as it awards her damages against Huebsch. Affirmance of this part of the judgment and reversal of the portion of it dismissing the cross-complaint of the defendant Huebsch against the defendant Schultz will require entry of two judgments in a law action, which is unusual, perhaps without precedent. But we see nothing in reason, as distinguished from precedent, to prevent this. The situation presented by the issue of contribution between tortfeasors whenever a defendant claims a cause of action over against another was first discussed in *Bakula v. Schwab,* 167 Wis. 546, 168 N. W. 378. It was there held that under sec. 2610, now 260.19 (3), Stats., the court had power to interplead as a party in a tort action one against whom the defendant claimed the right of contribution as a joint tortfeasor in the event that he was held liable to the plaintiff. It was later pointed out in *Wait v. Pierce,* 191 Wis. 202, 225 *et seq.,* 209 N. W. 475, 210 N. W. 822, that while at common law the right of contribution did not arise until the defendant tortfeasor held liable had made payment, under our practice we permit him to interplead the other tortfeasor and raise the issue of contribution by cross-complaint against him. The two issues, that between the plaintiff and the defendant first sued and that between the latter and the interpleaded defendant, really constitute two separate actions which we permit to be

litigated together in order to settle the whole controversy by one trial. When in such a case the plaintiff has recovered a verdict against the original defendant his rights in his action are established, and we see no reason why he may not then have judgment in his action and the litigation end as to him, and the defendants go on with the litigation of the issue in the action between themselves, and judgment be subsequently entered determining their rights. From the common-law point of view this practice is anomalous, but it follows logically from the practice of combining the two actions. The court may change mere rules of practice fixed by mere precedent when the situation requires it in the interest of justice. "Justice delayed is justice denied." And the plaintiff, having recovered a judgment satisfactory to her, ought not to be subjected to the expense and jeopardy of a new trial merely to enable the defendants to try out issues existing between themselves.

*By the Court.*—The judgment is affirmed in so far as it awards the plaintiff recovery against defendant Huebsch and reversed in so far as it dismisses the latter's cross-complaint against the defendant Schultz, with direction to order a new trial of the issues under the cross-complaint of Huebsch.

NELSON, J., took no part.