BODDEN, Respondent, vs. JOHN H. DETTER COFFEE
COMPANY and another, Appellants.

*May 2—June 4, 1935.*

452

For the appellants there was a brief by *Lamfrom, Tighe, Engelhard & Peck* of Milwaukee, and oral argument by *A. J. Engelhard.*

*Charles H. Gorman* of Milwaukee, for the respondent.

FOWLER, J. The defendants contend, (1) that as matter of law the plaintiff's negligence as to lookout was a cause of the collision; (2) that the jury's findings of no causal connection between plaintiff's negligence and the collision and of the comparative contributory negligence of the two drivers to produce the collision are inconsistent and vitiate the verdict; and (3) that the jury's finding of contributory negligence should be disregarded because the jury were not required to answer the question of comparative negligence in view of their finding of want of causal connection between plaintiff's negligence and the collision, and that without a finding of comparative negligence the verdict would be insufficient to support a judgment, even though the verdict be corrected to find that plaintiff's negligence was a cause of the collision.

(1) The plaintiff testified that as he entered the intersection he looked to his right and saw nothing but a west moving streetcar one hundred feet away; that he then looked to his left, and seeing no interfering traffic proceeded to the center of the street, when he again looked to his right but saw nothing; and that he then proceeded onto the truck's traffic lane and the collision occurred. The trial court speculated that the jury may have considered from this that the plaintiff should have again looked to his right after making his last observation, and that his only negligence was in not so doing, but that the defendant was coming at such great speed that had he looked again he could not have prevented the collision by the exercise of ordinary care. If this view is permissible, the finding of no causal connection between the plaintiff's negligence as to lookout and the collision should be sustained.

We are of opinion, however, that the trial court was not justified in attributing to the jury the inference that the only negligence of the plaintiff occurred when it was too late to prevent a collision. The plaintiff testified that he did not see the defendant's car at all; that as he first entered the

intersection he "looked to the west and saw a streetcar about 100 feet away," saw nothing else, and kept on; that he then looked east and nothing was coming from that direction; that he then looked west but "something obstructed my view or attracted my attention for a moment," and then he was struck. His first observation was made when his "hood projected two or three feet" into the intersection. He did not slacken his speed at all. He was traveling eighteen to twenty miles per hour. He also testified that he was fifteen feet north of the intersection line when he first looked west, and kept looking constantly while traveling fifteen feet or more, and saw nothing but the streetcar. A guest was riding with him. This guest saw the truck just before the plaintiff's car entered the interesection and the truck was then one hundred feet away. Two other automobiles were following the truck. The driver of each saw the plaintiff's car as he approached the intersection. If the drivers could see the plaintiff's car and the plaintiff's guest could see the truck, the plaintiff could have seen the truck. He saw nothing. Therefore he did not look at all or looked ineffectively and carelessly. This is the reasonable and in our opinion the only reasonable view to take of the jury's finding of the plaintiff's negligence as to lookout. Under this view we are of opinion that causal connection existed as matter of law between the plaintiff's negligence and the collision.

(2) The defendants contend that although the plaintiff was negligent as matter of law, such inconsistency exists between the jury's finding of no causal connection between his negligence and the collision and their finding that his negligence contributed ten per cent to produce the collision as compared to the other driver's ninety per cent as to require a new trial. Although these findings were inconsistent, it does not necessarily follow that the verdict is insufficient to

support a judgment. The same inconsistency existed in the verdict in *Hayes v. Roffers,* 217 Wis. 252, 258 N. W. 785, between the findings of the jury as to the defendant's negligence. Judgment was directed for the defendant in that case because the verdict established the plaintiff's negligence as contributing ninety per cent to produce the collision, and thus barred recovery because necessarily contributing more to produce the collision than the negligence of the defendant. There the jury properly found the plaintiff negligent, and considered that her negligence contributed ninety per cent to the result, here they properly found the driver of the truck negligent and that his negligence contributed ninety per cent to the result. It was there held that the inconsistency was "wholly immaterial" unless the verdict was perverse, and that the finding of inconsistency was referable to confusion rather than perversity. In both cases one question was, in substance, Was the negligence found, if you find any, "a cause of the collision?" and the other was, in substance, If you find both drivers negligent, in what proportion did their negligence "contribute to produce" the collision? The jury in answering the latter question obviously were comparing the respective acts of negligence of the parties, and considered their ratio to be as ten to ninety. They did not perceive that the phrase "contributed to produce" involved the idea of causation. If the ratio of negligence was ten to ninety as found, the respective acts of negligence necessarily contributed according to that ratio to produce the collision if they contributed at all.

(3) It was held in *McGeehan v. Gaar, Scott & Co.* 122 Wis. 630, 100 N. W. 1072, that a question of a verdict answered by the jury where they were instructed to answer it in case they had answered a previous question "Yes" and they had answered that question "No," should be disregarded

as surplusage. But we did not so regard the answer in the *Hayes Case, supra,* upon what we there considered good reason, and the same reason applies here. There is no conflict between the rulings in the *McGeehan Case* and the *Hayes Case* and the instant cases. In the former the answer to the question which the jury were not required to answer in view of their former answer was immaterial. The verdict was sufficient to support a judgment without it.

We are of opinion that in the instant case the verdict should have been corrected by changing the answer of the question as to causation of plaintiff's negligence from "No" to "Yes," and that as so corrected it establishes the respective proportions of the contributing negligence of the parties, and requires a judgment for the plaintiff for ninety per cent of his damages as assessed by the jury instead of the whole amount.

*By the Court.*—The judgment of the circuit court is reversed, and the record remanded with direction for correction of the verdict and entry of judgment in accordance with this opinion.