MAHONEY, Respondent, vs. THILL and another, Appellants.

*October 13—November 10, 1942.*

For the appellants there was a brief by *Dougherty, Arnold & Kivett,* and oral argument by *Glenn R. Dougherty* and *Clifford C. Kasdorf,* all of Milwaukee.

For the respondent there was a brief by *Max P. Kufalk* and *Gold & McCann,* all of Milwaukee, and oral argument by *Ray T. McCann.*

FAIRCHILD, J. The conflict between the jury's finding that respondent was free from all negligence and the finding that twenty per cent of the damages is attributable to his negligence in and of itself would not require the granting of a new trial. As was said in *McGeehan v. Gaar, Scott & Co.* 122 Wis. 630, 634, 100 N. W. 1072, where the effect of a question and answer contained in the special verdict entirely inconsistent with the answer to a preceding question in the verdict was considered:

"To our minds the question is not important. The fifth question was only submitted to the jury in a certain contingency, *i. e.,* if they had already answered the fourth question and answered it in the affirmative. Inasmuch as it appears that they answered the fourth question in the negative, it is evident that the fifth question was never submitted to them by the court, and the question and answer drop entirely from the case and may be disregarded."

That this is a sound doctrine has been demonstrated by experience. It has been followed by this court. *Forbes v. Forbes,* 226 Wis. 477, 277 N. W. 112. The difference between these cases and cases where the court found the jury was confused as to causation is explained in *Bodden v. John H. Detter Coffee Co.* 218 Wis. 451, 456, 261 N. W. 209.

The trial court in considering this phase of the case concluded that the respondent was negligent as a matter of law and changed the answer to that particular question from "No" to "Yes." We agree that the evidence is such that there must be a finding of some negligence on respondent's

part contributing to the collision between him and the defendant's or whosever car struck him, and that it was necessary to change the answer as was done. With that finding set aside, then and not until then did occasion exist for a comparison of negligence. Under the rule the jury legally left the verdict in such a state that the finding on comparison amounted to nothing, and that condition as it related to the comparison question cannot now be changed. When the court directed the finding of negligence on respondent's part, a different set of facts was presented. But the jury was no longer at hand and a ruling by the court that gave vigor to a lifeless finding would result in the trial of that question by the court without a jury. As a practical matter, who can say what the answer to the comparison question would have been had the jury been advised of the existence of causal negligence on respondent's part. In this state of the case we cannot consider that the jury passed upon the facts and made findings warranting judgment.

*By the Court.*—Judgment reversed, with directions to grant a new trial.