MITCHELL, by Guardian *ad litem,* and another, Appellants, vs. WILLIAMS and another, Respondents.

*January 8—February 6, 1951.*

*N. Paley Phillips,* attorney, and *Irving D. Gaines* of counsel, both of Milwaukee, for the appellants.

For the respondents there was a brief by *Dougherty, Arnold & Waters* of Milwaukee, and oral argument by *Suel O. Arnold.*

BROADFOOT, J.  The plaintiffs first contend that the court erred in its instructions to the jury. Sec. 85.40 (4), Stats. 1945, which was in effect at the time of the accident, reads as follows:

*"Traversing intersections.* In traversing intersections where the operator does not have a clear view of approaching traffic on the intersecting highway or highways, the speed of such vehicle shall not be greater than that which will permit the operator to stop within one half of the distance within which he is able to see approaching traffic. The provisions of this subsection shall not apply to operators of vehicles on arterial highways where the operators of vehicles on the highways intersecting such arterial are compelled to stop before entering the intersection."

It was stipulated in open court, in the absence of the jury, that South Layton boulevard was an arterial highway with a speed limit of thirty miles per hour. When instructing the jury as to the above statute, the court omitted the last sentence thereof. The court did not instruct the jury that South Layton boulevard was an arterial highway, and explained this omission by making the following statement in the record:

". . . there are certain conditions in the statute as to when a municipality can declare a certain thoroughfare, highway, or street, a through street or highway. We haven't evidence in this case that the ordinance that was here offered complies with all those statutory provisions."

Apparently the trial court was influenced by language contained in two prior decisions of this court. In the case of *Heintz v. Schenck,* 176 Wis. 562, 568, 186 N. W. 610, the court said:

"In applying the statute, Kenwood boulevard is in practical effect two streets separated by a park."

In the case of *Geyer v. Milwaukee E. R. & L. Co.* 230 Wis. 347, 349, 284 N. W. 1, the court used this language:

"While crossing the north driveway it was the plaintiff's duty to look to her right again before she entered the south driveway, which was in effect a separate street." (Citing *Heintz v. Schenck, supra.*)

In both of these cases the court was considering the duty of a driver operating his car upon a street intersecting an arterial highway with lanes of traffic separated by a center boulevard such as South Layton boulevard. In the *Schenck Case* there was an accident at the intersection of Kenwood boulevard, a divided arterial highway, running east and west, and Maryland avenue, running north and south. In that case the defendant contended that his car, approaching from the south on Maryland avenue and reaching the south line of Kenwood boulevard first had the right of way over a car moving west on Kenwood boulevard on the north driveway by reason of that fact. This court did not agree with that contention.

In the *Geyer Case,* there was a collision between a bus of the defendant and an automobile driven by the plaintiff at the intersection of West Highland boulevard and 37th street in Milwaukee. West Highland boulevard is a divided arterial highway running east and west. 37th street runs north and south. In that case the plaintiff was driving south on 37th street and the bus was traveling east on the boulevard. The plaintiff stopped at a stop sign on approaching the westbound driveway of the arterial. At that point she made an effective and proper lookout before proceeding into the intersection, but did not make an effective and proper lookout before proceeding into the eastbound lane of traffic. The court held that she should have done so.

In the instant case, the jury found the defendant Williams causally negligent in failing to make a proper lookout before entering the west lane of South Layton boulevard. That finding was amply supported by the evidence.

In this case we are considering the duty of George Mitchell in operating his motorcycle in a southerly direction upon the west lane of South Layton boulevard. So far as this case is concerned it was stipulated that South Layton boulevard is

an arterial highway and that the permitted speed thereon is thirty miles per hour. That stipulation was binding upon the parties. Therefore the trial court should have quoted all of sec. 85.40 (4), Stats. 1945, quoted above, and it should have instructed the jury that South Layton boulevard was an arterial highway.

Although the jury found Mitchell negligent as to speed, it found specifically that such speed was not an efficient cause which produced the collision. In spite of that finding it apportioned twenty per cent of the combined negligence to the plaintiff George Mitchell. This was an inconsistent verdict, and a new trial is required.

Complaint is also made that the trial court reduced the damages as found by the jury without granting to the plaintiffs the option of accepting judgment for the reduced amount or a new trial. That, of course, was error.

A new trial is required because of the errors noted above.

*By the Court.*—Judgment reversed and cause remanded with instructions to grant a new trial.