Wojan, Plaintiff and Respondent, vs. Igl, Defendant and Respondent: Butler and another, Defendants and Appellants. [Case No. 47.]

Butler, Appellant, vs. Igl, Respondent. [Case No. 48.]

*September 13—October 9, 1951.*

512

For the appellants there was a brief by *James R. Durfee,* attorney, and *Gustav Winter* of counsel, both of Antigo, and oral argument by *Mr. Winter.*

For the respondents there was a brief by *O'Melia & Kaye,* attorneys, and *John F. O'Melia* of counsel, all of· Rhinelander, for John A. Igl, and *Rex M. Smith* of Antigo, for Marie Wojan, and oral argument by *Mr. John F. O'Melia* and *Mr. Smith.*

MARTIN, J. There was considerable conflict in the testimony as to how the collision occurred, and the questions as to negligence were properly for the jury. However, the answers to question 2 (causation) and question 6 (com-

parison of negligence) cannot stand together. The verdict is inconsistent.

If, in answering question 2, the jury had found Igl's negligence as to lookout and control causal, this court would have to sustain the finding, since there is ample evidence upon which the jury could have so found. The case at bar differs from *Forbes v. Forbes,* 226 Wis. 477, 277 N. W., 112, where the evidence would not have sustained a finding of causal connection between the negligence of the plaintiff and the accident. The court properly held that the finding of contribution was immaterial and did not make the verdict inconsistent.

The problem facing us here is that which was presented in *Mitchell v. Williams* (1951), 258 Wis. 351, 356, 46 N. W. (2d) 325, where the court said:

"Although the jury found Mitchell negligent as to speed, it found specifically that such speed was not an efficient cause which produced the collision. In spite of that finding it apportioned twenty per cent of the combined negligence to the plaintiff George Mitchell. This was an inconsistent verdict, and a new trial is required."

There is no contest as to plaintiff Wojan's cause of action. Her damages have been properly established and the verdict as to her is not inconsistent. The first judgment in Case No. 47 is therefore affirmed. See *Scharine v. Huebsch* (1931), 203 Wis. 261, 268, 234 N. W. 358:

"When . . . the plaintiff has recovered a verdict against the original defendant his rights in his action are established, and we see no reason why he may not then have judgment in his action and the litigation end as to him, and the defendants go on with the litigation of the issue in the action between themselves, and judgment be subsequently entered determining their rights."

The judgment for Igl against the plaintiff Wojan for costs, however, must await the outcome of the new trial in Case No. 48. It is therefore set aside.

The judgment of Igl against the plaintiff Butler in Case No. 48 is reversed and a new trial ordered.

Since a new trial is necessary, it will serve no purpose to go into a detailed discussion of the evidence or other issues raised on this appeal. However, we wish to call attention to the fact that it was improper for respondent's attorney to persist in mentioning that an insurance company was involved in this matter, and we trust that such remarks will not be repeated on the new trial.

*By the Court.*—The judgment in favor of plaintiff in Case No. 47 is affirmed so far as it affects the defendants Butler and the Insurance Company; the judgment for costs against plaintiff is set aside; the issue of contribution is the only issue to be tried in Case No. 47. The judgment in Case No. 48 is reversed and cause remanded for a new trial.