THORESEN and another, Respondents, vs. GRYTHING, Appellant.*

*June 4—July 3, 1953.*

* Motion for rehearing denied, with $25 costs, on September 11, 1953.

488

For the appellant there were briefs by *Doar & Knowles* of New Richmond, and oral argument by *John Doar* and *Warren P. Knowles III*.

For the respondents there was a brief by *Robert L. Grindell* of Frederic, attorney, and *Adolph P. Lehner* of Oconto Falls of counsel, and oral argument by *Mr. Grindell.*

GEHL, J.   Defendant Grything contends that the court erred in refusing to change the answer to the question inquiring as to his lookout from "Yes" to "No." As appears from the foregoing statement of facts he saw everything ahead of him which in the exercise of ordinary care he was required to see. He saw the parked car, the man leaving it, and the car approaching from the south.  Plaintiffs contend, however, that the jury was warranted in finding him causally negligent with respect to lookout in that he failed to make an observation to his rear and thus failed to see the Stapek truck approaching.  It is undisputed that the rear window of his car was covered with frost, that the car was equipped with a rear-view mirror which extended beyond the car and to his left, and that he did not look into it to observe what might appear on the highway in back of him.

No authority has been called to our attention nor have we found any to the effect that a motorist using the road in a lawful manner owes any duty to a driver to his rear.  On the contrary,—

"The driver of the front car owes no duty to the rear or trailing car except to use the road in the usual way, in keeping with the laws of the road, and until he has been made aware of it, by signal or otherwise, he has a right to assume either that there is no other automobile in close proximity to his rear or that, being there, it is under such control as not to interfere with his free use of the road in front of and to the side of him in any lawful manner." 5 Am. Jur., Automobiles, p. 656, sec. 280.

It is not claimed that Grything was made aware of the presence of Stapek by the sound of the latter's horn or otherwise.  It remains to be seen whether there was testimony

which would support a finding that Grything was driving in a lawful manner. That he deviated from his lane, obviously only slightly, would not make his act one of actionable negligence, for it is clear that if there was such deviation it was not a proximate cause of the collision. The position of his car and that of the truck immediately after the collision establishes that fact; from the photographs taken before the truck had been removed, it appears that it would have struck the car even though the latter had been entirely in its own lane.

There is testimony which would sustain a finding that Grything made a sudden stop of his car without benefit of the emergency rule. He saw all that was ahead of him when he was from 400 to 600 feet north of the parked car, in ample time to have given some signal of his intention to stop if that were his intention.

We have recognized that it may be a violation of sec. 85.40 (1), Stats. 1941, to bring a car to a sudden and unexpected stop, *Cole v. Phephles*, 241 Wis. 155, 5 N. W. (2d) 755, and by sec. 85.175 (3) the legislature has declared that:

"No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided in sections 85.176 and 85.177 to the driver of any vehicle immediately to the rear when there is opportunity to give such signal."

Secs. 85.176 and 85.177, Stats., provide as follows:

"85.176 Any stop or turn signal when required herein shall be given either by means of the hand and arm or by a signal lamp or lamps or mechanical signal device of a type approved by the department, but when a vehicle is so constructed or loaded that a hand-and-arm signal would not be visible both to the front and rear of such vehicle then said signals must be given by such lamp or lamps or signal device."

"85.177 All signals herein required given by hand and arm shall be given from the left side of the vehicle in the following manner and such signals shall indicate as follows:

"(1) Left turn.—Hand and arm extended horizontally.

"(2) Right turn.—Hand and arm extended upward.

"(3) Stop or decrease speed.—Hand and arm extended downward."

As to whether there was a sudden stopping of the Grything car there was a jury question. He denied that he stopped. On the other hand, Stapek testified that prior to the collision Grything had slowed down but that just prior to the impact he stopped suddenly and without warning, and that he saw no signal from the Grything car to indicate that the driver was reducing his speed.

Grything testified that he gave no signal of his intention to slow down or stop, but that his brake lights, which he said ignite when the brakes are applied, went on; he testified that he did not know whether the brake lights were operating at the time.

The real issue with respect to the conduct of Grything was not submitted to the jury. It might be inferred that the jury in considering its answer to the question concerning his control of his car might have concluded that there was no sudden stopping. The inference might be permitted if the court had instructed the jury with respect to Grything's duty as to stopping.

"The questions should be framed, so far as practicable, to secure the most direct consideration of the evidence as it applies to the issues made by the pleadings and supported by the evidence." *Liberty Tea Co. v. La Salle Fire Ins. Co.* 206 Wis. 639, 643, 238 N. W. 399.

*By the Court.*—Judgment reversed and cause remanded for a new trial.