STATZ and others, Respondents, vs. POHL and another, Appellants. [Two cases.]*

*January 6—February 2, 1954.*

* Motion for rehearing denied, without costs, on April 6, 1954.

26

For the appellants there was a brief by *Aberg, Bell, Blake & Conrad* and *Carroll Metzner,* all of Madison, and oral argument by *Mr. Metzner.*

For the respondents there was a brief by *McAndrews & Melli,* attorneys, and *Richard L. Cates* of counsel, all of Madison, and oral argument by *Mr. Joseph A. Melli* and *Mr. Cates.*

GEHL, J.   As we have stated, the jury found Pohl negligent only as to control, but that such negligence was not a cause of the accident. But in answer to the question which inquires as to comparative negligence they also found that Pohl's negligence contributed to the cause of the accident to the extent of 20 per cent. The trial court concluded that the verdict is inconsistent and ordered a new trial. Pohl appeals from that order.

It is not possible to reconcile the conflicting views of this court expressed in opinions dealing with the precise question. *Bodden v. John H. Detter Coffee Co.* 218 Wis. 451, 261 N. W. 209; *Forbes v. Forbes,* 226 Wis. 477, 277 N. W. 112, among other cases, must be read as a declaration or at least the recognition of the rule that there is no inconsistency in such findings. We consider, however, that we should adhere

to our last expressions on the subject. They are contained in *Mitchell v. Williams,* 258 Wis. 351, 46 N. W. (2d) 325, and *Wojan v. Igl,* 259 Wis. 511, 49 N. W. (2d) 420, in both of which we held that a verdict such as we have to deal with is inconsistent. The jury's findings cannot be reconciled. If we were to hold that there is no inconsistency we should be required to say that one or the other of the findings is surplusage or immaterial. The question would then be presented: Which? It is impossible to determine from the record or from any other source that the jury meant what it said in answer to one of the questions and that the answer to the other was thrown in only casually and without regard to the form of the questions and in disregard of the court's instructions.

Counsel for Pohl contend that our previous decisions are reconcilable, and if read in the light of the facts appearing in each they must be construed as a declaration of the rule that if the causal negligence is not established as a matter of law the verdict is not inconsistent. There is nothing in the opinion in either of the two latest expressions of the court, *Mitchell v. Williams, supra,* and *Wojan v. Igl, supra,* which can be construed as so limiting the rule. The facts in the instant case are such as warrant a finding of causal negligence on the part of Pohl had one been made. We agree with the learned trial judge:

"Where the evidence is in dispute and where a jury would be warranted in finding causal negligence and fails so to do, and then attempts to answer the comparative-negligence question, such failure makes the verdict inconsistent 'and a new trial must be granted in accordance with the law established in the cases of *Mitchell v. Williams, supra,* and *Wojan v. Igl, supra.*"

We consider that it may serve a useful purpose to state the rules to be applied when the question, whether findings

of a verdict are inconsistent, is presented in a situation such as appears here:

(1) If the issue of causal negligence is for the jury and the party inquired about is exonerated but the jury in its comparison of negligence erroneously attributes to such party some degree of causal negligence, the verdict is inconsistent, and a new trial must be granted;

(2) If it be determined that the party inquired about is free from causal negligence as a matter of law and the jury has exonerated him but has also attributed to him some degree of causal negligence, then the court should strike the answer to the question on comparison as surplusage and grant judgment accordingly;

(3) If the court can find as a matter of law that the party inquired about is guilty of causal negligence and the jury finds that he is not and in the question on comparative negligence attributes to him some degree of causal negligence, the court should change the answers to the questions which inquire as to his conduct from "No" to "Yes" and permit the jury's comparison to stand with judgment accordingly.

Counsel for Pohl do not upon this appeal question the trial court's conclusion that the issue of his negligence was one for the jury. The rule which we have designated as (1) is applicable.

Counsel for Pohl contend that by their failure when the verdict was returned to request that the jury be sent back to resolve the inconsistency counsel for Statz waived the inconsistency. It must be conceded that the court would have acted properly in directing the jury so to act, and that counsel for Statz should have suggested it. But we must now take the verdict as we find it, and having concluded that there is an inconsistency, it is proper to ask: What sort of judgment can be entered upon it? Without being permitted to accept the one answer and reject the other the court was unable,

and we are also, to arrive at a conclusion which would support a judgment.

Statz has filed a motion for a review of certain rulings of the trial court. He complains that the trial court erred in refusing to change the answers to the questions inquiring as to his conduct. He was found guilty of causal negligence with respect to lookout, control, coming to a stop, and as to control of the actions of his son.

There is ample testimony to support the findings that he was negligent with respect to control and coming to a stop.

The rule of *Thoresen v. Grything,* 264 Wis. 487, 59 N. W. (2d) 682, requires that we hold that the question as to his lookout should not have been submitted. He had a right to assume either that there was no automobile in close proximity to his rear or that, being there, it was under such control as not to interfere with his free use of the road ahead of him.

The nature of Statz's contention with respect to the answer to the question which inquires whether he was negligent as to control of the actions of his son requires that we give it further consideration. A parent's obligation with respect to the control of his child is stated in 39 Am. Jur., Parent and Child, p. 695, sec. 58, as follows:

"Although there are some decisions which have failed to recognize this principle, the general rule is that a parent may be liable for the consequences of failure to exercise the power of control which he has over his children, where he knows, or in the exercise of due care should have known, that injury to another is a probable consequence."

And in 67 C. J. S., Parent and Child, p. 799, sec. 68, as follows:

". . . liability of the parent arises from failure to exercise control over the child where the parent knows, or, in the exercise of due care, should know, that injury to another is a natural and probable consequence of such failure, . . ."

It is stated in Restatement, 2 Torts, p. 858, sec. 316;

"A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

"(a) knows or has reason to know that he has the ability to control his child, and

"(b) knows or should know of the necessity and opportunity for exercising such control."

Counsel for Statz cite a number of cases in which this court has denied recovery against a parent for the negligent act of his child. All of these cases are distinguishable in that there the act of the child was committed in the absence of the parent. In the instant case Statz had placed the boy, five years old, in the rear seat of the car, rather than in the front seat where the boy could be observed by him. No safety device or lock was attached to the handles of the rear doors of the car. He is charged with the knowledge that young children ordinarily act thoughtlessly and impulsively. These circumstances call for application of the foregoing stated rules and required submission of the issue to the jury.

Counsel for Statz complain of the following instructions given with respect to the question which inquires as to the control of Raymond:

"Children, wherever they go, must be expected to act on childish instincts and impulses, and others who are chargeable with the duty of care and caution toward them must calculate on this and take precautions accordingly." And

"It is the duty of a person dealing with a child to exercise a greater amount of caution than he would were he dealing with an adult. One should anticipate thoughtlessness and impulsiveness in conduct of a young child."

Considering these instructions in view of the rule as to a parent's duty regarding the control of a young child we can find no fault with them. Actually, they are no more than a

statement of what is generally known and what one should have in mind when he places a child of the age of Raymond in the rear seat of an automobile and there unattended by an adult.

We cannot say, as Statz contends, that a question as to the speed at which Pohl drove immediately before the collision should have been submitted. It is uncontradicted that Pohl at no time exceeded a speed in excess of 50 miles per hour, and that when he saw Raymond fall he was about 100 feet behind the Statz car. The rate of speed at which he was driving was not under the circumstances a contributing cause of the accident. If he failed it was with respect to his failure to observe the conduct of Statz and to be guided thereby, or in following too closely, or in the control of his car,—questions as to each of which elements were properly submitted.

Statz contends that it should be found as a matter of law that Pohl's negligence contributed more to the cause of the accident than did his. The evidence in this case is such as to make that issue one clearly for the jury. The statement of facts which precedes this opinion demonstrates that fact satisfactorily.

*By the Court.*—The order in each case is affirmed.

The following opinion was filed April 6, 1954:

PER CURIAM *(on motion for rehearing)*. Counsel for appellant, Pohl, and his insurance carrier, in a brief submitted on motion for rehearing, suggest that the rule which we have stated as No. (3) is counter to that declared in *Mahoney v. Thill,* 241 Wis. 359, 6 N. W. (2d) 239, and that if it is our purpose to overrule the decision in that case we say so in express terms. We had the case in mind when we said in our original opinion, page 27, that "it is not possible to reconcile the conflicting views of this court expressed in opinions

dealing with the precise question"—an attack upon a verdict in a negligence case as being inconsistent.

A reconsideration of the rule expressed has convinced us, however, that rule No. (3) is stated too broadly. It should be limited and stated as follows:

"(3) If but one element of negligence is submitted to the jury and the court can find as a matter of law that the party inquired about in the question is guilty of causal negligence and the jury finds that he is not, and in answer to the question on comparative negligence attributes to him some degree of causal negligence, the court should change the answer to the question which inquires as to his conduct from 'No' to 'Yes' and permit the jury's comparison to stand with judgment accordingly."

We pointed out in our original opinion that this case calls for application of the rule which we have designated as No. (1). It follows, therefore, that what we said in our opinion with respect to rule No. (3) is dictum. That is true, of course, when it is considered in the determination of the issues in this action. We repeat, however, that the statement was made and should be accepted as now limited as the considered expression of the court made for the guidance of the profession in the hope that the confusion existing by reason of former opinions may be removed.

Motion for rehearing denied without costs.