LaVerne KROLIKOWSKI, Plaintiff-Appellant,

v.

ALLSTATE INSURANCE COMPANY, Defendant-Appellee.

No. 12933.

United States Court of Appeals Seventh Circuit.

Nov. 4, 1960.

Vaughn S. Conway, Baraboo, Wis., Kenneth H. Conway, Baraboo, Wis., for appellant.

Carroll E. Metzner, Madison, Wis., Aberg, Bell, Blake & Metzner, Madison, Wis., for appellee.

Before HASTINGS, Chief Judge, KNOCH, Circuit Judge, and LA BUY, District Judge.

LA BUY, District Judge.

Plaintiff brought suit in the federal district court of Wisconsin, Western District, to recover for injuries sustained while riding as a guest in an automobile driven by Kenneth Rochwite, the insured of the defendant. The jury returned a special verdict upon the basis of which the trial judge dismissed plaintiff's complaint and entered judgment for the defendant. Plaintiff's motions to set aside this judgment and for a new trial were denied. This appeal followed.

We are not confronted with any question regarding the sufficiency of the evidence, or any errors in the admission of

evidence, or any error in any instructions given to the jury; nor are we concerned here with the form of the verdict. Our function in this appeal is to determine whether the trial judge erred as a matter of law in dismissing the complaint and entering judgment for defendant after receiving the special verdict of the jury.

■ The defendant questions the timeliness of plaintiff's objection to the alleged inconsistency of the special verdict because it was not raised in the trial court. Preservation of error is an important prerequisite to a review of the question on appeal, and, in general, such question will not be considered unless the trial court was afforded the opportunity of correcting the error. Solomon v. Benjamin, 7 Cir., 1935, 75 F.2d 564, certiorari denied 295 U.S. 749, 55 S.Ct. 831, 79 L.Ed. 1694; Huse v. Consolidated Freightways, 7 Cir., 1955, 227 F.2d 425. The affidavit supporting plaintiff's motion for a new trial contains the following paragraph:

"That the verdict found by the jury is inconsistent and contrary to the evidence and contrary to the instructions of the court."

We interpret the language of the motion for new trial, supplemented by the affidavit, as sufficient to raise the specification of inconsistency of the verdict and thus preserve it for consideration here.

The crux of plaintiff's appeal emanates from her contention that answers which the jury made to questions 3, 4 and 6 of the special verdict are inconsistent with and contradictory to each other so that the court could not say which party was entitled to the verdict and, therefore, the special verdict should have been set aside and a new trial ordered; that the jury's answers indicate their confusion between assumption of risk and negligence. After finding that Kenneth Rochwite was negligent with respect to management and control of the automobile so as to increase the danger assumed by the plaintiff when she entered it, and that such negligence was the cause of the accident, the jury made the following answers to questions 3, 4, 6 and 7:

"3. If you answer either subdivision (a) or (b) to Question 1 'Yes' and the corresponding subdivisions of Question 2 'Yes', then answer this question:

"Did the plaintiff, Laverne Krolikowski, assume the risk:

"(a) With respect to speed? Answer: —

"(b) With respect to management and control? Answer: Yes

"4. At and immediately prior to the accident did the plaintiff, Laverne Krolikowski, fail to exercise ordinary care for her own safety? Answer: No

"5. * * *

"6. If by your answers to the foregoing questions you have found that both Laverne Krolikowski and Kenneth Rochwite were negligent, and that the negligence of each was a cause of the accident and resulting damage then answer this question:

"Taking the combined negligence of both Laverne Krolikowski and Kenneth Rochwite at 100%, what per cent of such combined negligence do you attribute to:

"(a) Laverne Krolikowski? Answer: 20%

"(b) Kenneth Rochwite? Answer: 80%

"7. What amount of damages did the plaintiff sustain as a result of this accident? Answer: $4500.00"

■■ Question 6 is prefaced by the statement "If by your answers to the foregoing questions you have found both * * * were negligent". Plaintiff urges that the jury must have understood that questions 1 through 5 concerned negligence and, if they had understood question 3 concerning the assumption of risk by the plaintiff, they would not have answered Question 6. It is the rule that in answering the questions of a special verdict the jury's duty is to find the facts according to the evidence, without re-

gard to the legal consequences which follow the verdict; the court determines the legal effect thereof. Olson v. Williams, 1955, 270 Wis. 57, 70 N.W.2d 10, 17; 89 C.J.S. Trial § 551b, p. 306. Since no question is raised in regard to the evidence supporting the verdict, or the instructions, or the form of verdict, this court is without basis to conclude that the jury was confused as to the nature of the questions they were required to answer.

■ Plaintiff contends that by virtue of the answer made to the question of assumption of risk, i. e., Question 3, the verdict would be entered in favor of the defendant; under the answer made to Question 6 regarding the negligence of the parties, judgment would be entered for the plaintiff. According to the comparative negligence law of Wisconsin, contributory negligence is no bar to recovery. Assumption of risk is a complete bar to recovery.

Is the finding of assumption of risk by the plaintiff under the doctrine *volenti non fit injuria,* inconsistent with the finding that plaintiff was in the exercise of ordinary care, and the further finding that she was guilty of contributory negligence?

■ Assumption of risk and contributory negligence are distinct and different defenses and may arise under the same state of facts. Scory v. La Fave, 1934, 215 Wis. 21, 254 N.W. 643, 646; Raddant v. Labutzke, 1940, 233 Wis. 381, 289 N.W. 659; Storlie v. Hartford Acc. & Indem. Co., 1947, 251 Wis. 340, 28 N.W.2d 920. In the Storlie case, supra, the Supreme Court of Wisconsin discussed the relationship of these two doctrines, as well as the question of exercise of ordinary care, as follows:

"Their assumption of these risks would completely bar the guests from recovering from the host, and it would be unnecessary to consider whether or not the evidence sustained a finding of contributory negligence on the part of the guests. However, it may be well to point out, in view of the thought expressed by the trial court in its Memorandum Decision, that assumption of risk and contributory negligence are distinct legal concepts. Assumption of risk is based on a consent to the prevailing and causal circumstances. Such consent may or may not evince a failure to exercise ordinary care. Contributory negligence, of course, always involves a failure to exercise ordinary care under the circumstances, including the duty owed by the actor to others. Since assumption of risk is not necessarily negligence, it is misleading to speak of adding it to contributory negligence, as the trial court did here, to determine that the negligence of the guests was at least equal to the negligence of the driver and therefore precluded recovery by the guests. * * *" 28 N.W.2d at pages 922-923.

The doctrine of assumption of risk involves a choice made more or less voluntarily and negatives liability without reference to the fact that the plaintiff may or may not have acted with due care. Scory v. La Fave, supra; Kauth v. Landsverk, 1937, 224 Wis. 554, 271 N.W. 841, 843; Storlie v. Hartford Acc. & Indem. Co., supra.

■ A review of the Wisconsin decisions leads us to the conclusion that a finding of assumption of risk by the plaintiff is a complete bar to recovery regardless of any other findings. Therefore, the finding of exercise of ordinary care on the part of plaintiff and of her contributory negligence is immaterial. We hold the specific findings of the jury were not inconsistent and are reconcilable. The trial court did not err in entering judgment for defendant and in denying plaintiff's motion for a new trial.

■ Under the authorities the jury's findings that plaintiff was in the exercise of ordinary care and also charging her with 20% negligence have been held to be inconsistent with each other. Gilbertson v. Gmeinder, 1948, 252 Wis. 210, 31

N.W.2d 160; Mahoney v. Thill, 1942, 241 Wis. 359, 6 N.W.2d 239; Statz et al. v. Pohl, 1954, 266 Wis. 23, 62 N.W.2d 556, 63 N.W.2d 711. However, here again, the finding of assumption of risk renders such inconsistency of no consequence.

We further hold that the trial court did not abuse its discretion in denying plaintiff's motion for a new trial based on alleged false testimony of one of defendant's witnesses.

The judgment of the District Court is Affirmed.