KRAINZ, and another, Appellants, v. STRLE, and another, Respondents: HARRIS, Defendant.

*No. 75–237. Submitted on briefs October 5, 1977.—Decided November 30, 1977.*
(Also reported in 259 N.W.2d 707.)

For the appellants the cause was submitted on the brief of *Burton B. Polansky* and *Roland J. Steinle, Jr.,* of Cedarburg.

For the respondents the cause was submitted on the brief of *James P. Reardon, Russell M. Ware* and *Kasdorf, Dall, Lewis & Swietlik* of Milwaukee.

HEFFERNAN, J.   This appeal arises out of an automobile accident which occurred during the hours of darkness on the morning of April 23, 1972.  The undisputed facts show that the plaintiffs, Ronald and Lola Krainz, were passengers in a vehicle owned by the defendant, Strle.  That vehicle was proceeding north in the center lane of I-94 in the southern part of Milwaukee county.  The Strle vehicle was followed in the center lane by two trucks.  All of these vehicles were proceeding at a lawful rate of speed.

The facts adduced at trial show that the driver of the second following truck observed headlights approaching from the rear.  He pulled into the right lane, and at that point the truck driver following immediately behind the Strle vehicle became aware of the oncoming headlights.  He, too, pulled into the right lane.  The oncoming headlights were those of a Thunderbird automobile driven by Herman Harris.  Approximately two to ten seconds after the lead truck pulled to the right, the Harris Thunderbird collided with the rear of the Strle vehicle.  The speed of the Thunderbird was estimated to be in excess of 80 miles an hour.

The evidence is uncontested that the Strle vehicle was at all times proceeding in its lane of traffic, was conspicuously lighted, and made no deviant movements prior to the collision.  On these facts, the jury returned a verdict assessing 100 percent negligence to Herman Harris, the operator of the Thunderbird.

On motions after verdict, the plaintiffs asked for a new trial, contending that, as a matter of law, Richard Strle, their host, was negligent, because the oncoming lights of the Thunderbird constituted a signal which imposed a duty on Strle to exercise ordinary care in respect to the Harris vehicle approaching from the rear.

The following instruction was submitted to the jury:

"If you should find to a reasonable certainty from the greater weight of the credible evidence that the Chevrolet van driven by the Defendant, Richard Strle, did not deviate from his lane of travel, then you are instructed that the driver of the front car owes no duty to the driver of the car behind him, except to use the road in the usual way, in keeping with the laws of the road; and until he has been made aware of the car behind by signal or otherwise, he has a right to assume either that there is no other automobile in close proximity to his rear or that being there, it is under such control as not to interfere with his free use of the road in front of and to the sides of him in any lawful manner. However, if the driver of the front car intends to deviate from his course of travel or suddenly stop or decrease his speed in such a manner that would create a hazard to a car following in a lawful manner, he must then exercise ordinary care to make a lookout to the rear before making such movement."

This instruction is not objected to. Rather, the plaintiff passengers in the Strle vehicle contend that, under the facts and under the legal duties imposed upon Strle in accordance with the instruction, the trial judge was obliged to find Strle negligent as a matter of law. We disagree with that contention and affirm the trial judge's denial of the plaintiffs' motion for a new trial and affirm the judgment which held Harris 100 percent negligent.

The instruction given accurately informed the jury of the controlling Wisconsin law. That rule of law was stated in *Thoresen v. Grything*, 264 Wis. 487, 490, 59

N.W.2d 682 (1953), and reiterated in a number of subsequent cases, including *Statz v. Pohl,* 266 Wis. 23, 62 N.W.2d 556 (1954) ; *Tesch v. Wisconsin Public Service Corp.,* 2 Wis.2d 131, 85 N.W.2d 762 (1957) ; *Jacobson v. Greyhound Corp.,* 29 Wis.2d 55, 138 N.W.2d 133 (1965) ; and *Bentzler v. Brown,* 34 Wis.2d 362, 149 N.W.2d 626 (1967).

The question posed, however, on this appeal is whether Strle had a duty under the circumstances to take some precautionary action because he was, or should have been, made aware "by signal or otherwise" of the Thunderbird approaching him at a high speed from the rear.

It is apparent from the evidence that the driver of the Thunderbird at no time signalled or attempted to signal Strle. He did not sound his horn or flash his lights as he approached. The evidence tends to show that Harris was not aware of the presence of the well lighted Strle vehicle ahead of him until only a split second before the impact. The fact that a vehicle was approaching Strle from the rear with its headlights on was no more of a signal to Strle than the approach of an unlighted vehicle would have been in the hours of broad daylight.

The term, "signal," contemplates something more than a driver's idio-awareness of stimuli afforded by the surrounding environment. It connotes the conscious attempt of one person to communicate with another by a non-verbal act.[1] To signal is to communicate information by

---

[1] Representative definitions of the term, "signal," appear in the following standard reference works:

*American Heritage Dictionary of the English Language* (1969) :

"1.a. A sign, gesture, mechanical device, or other indicator serving as a means of communication. b. A message communicated by such means."

*New Century Dictionary* (1952) :

". . . Something, as a gesture, action, light, sound, or object, used or serving to give warning, information, direction . . . ."

a sign, as distinguished from a verbal or testimonial communication. The flashing of lights or the sounding of a horn, had the facts revealed such action by the overtaking vehicle, could be regarded by the jury as a signal. But here no communicative act was revealed by the evidence. The mere approach of a lighted vehicle and nothing more was not a signal and, under established Wisconsin law, imposed no duty on Strle. The trial judge properly refused to find Strle negligent as a matter of law.

*By the Court.*—Judgment affirmed.

*Ballentine's Law Dictionary* (3d ed., 1969) :

"A means of communication. An incitement to action or to the avoidance of danger. An indication of an act to follow. A demonstration by a motorist, with hand, light, or mechanical device, to warn other users of his intended movement, such as backing, left turn, etc."

*Black's Law Dictionary* (Rev. 4th ed., 1968) :

"A means of communication, as between vessels at sea or between a vessel and the shore. The international code of signals for the use of all nations assigns arbitrary meanings to different arrangements of flags or displays of lights."